**Jane DOE, on behalf of herself and all others similarly situated, Plaintiff,**

**v.**

**Clifford ALEXANDER, in his official capacity as Secretary of the Army, Robert S. Young, individually and in his official capacity as Brigadier General of the U.S. Army Reserve Components Personnel and Administration Center; Don Follette, individually and in his official capacity as Commander of the 13th Psychological Operations Battalion (PWSPT); Arthur S. Leon, M.S., individually and in his official capacity as examining physician at the 5501st U.S. Army Hospital; and the United States of America, Defendants.**

Civ. No. 3–79–184.

United States District Court, D. Minnesota, Third Division.

March 27, 1981.

Louise Miller O'Neil, St. Paul, Minn., for plaintiff.

Captain Calvin M. Lederer, Dept. of Army, Washington, D. C., Thomas K. Berg, U. S. Atty. and Deborah S. Kleinman, Asst. U. S. Atty., Minneapolis, Minn., for defendants.

## MEMORANDUM & ORDER

DEVITT, Chief Judge.

Plaintiff in this section 1983 suit seeks to enjoin the enforcement of an army medical regulation which disqualifies transsexuals from fitness for service.

This action is before the court on defendants' motion for judgment on the pleadings or in the alternative for summary judgment. Defendants argue that this court lacks jurisdiction because defendant is immune from suit, that plaintiff lacks standing to sue and that this case presents a non-justiciable non-reviewable controversy. In the alternative, defendants argue that the medical fitness regulation is a constitutionally valid one.

The complaint is dismissed for lack of reviewability.

■ Plaintiff was born in 1940, served in the United States Air Force as a man for approximately eight and one-half years, then left the Air Force in 1967. Sometime after 1967 he underwent surgery and became a woman. She applied for admission as an officer into the Army Reserve in 1976. She was rejected because she failed to meet the medical fitness requirements. Specifically, she was rejected on the basis of Army Regulation 40–501, § 2–14(s) which provides, *inter alia,* that "major abnormalities and defects of the genetalia such as change of sex ..." constitutes a disqualifying medical defect. Plaintiff challenges that regulation; plaintiff seeks money damages, injunctive and declaratory relief. Jurisdiction is alleged under 28 U.S.C. §§ 1331, federal question, 1346(a), Tucker Act, and 1361, mandamus statute.[1]

*Jurisdiction*

■ Plaintiff's suit for money damages is barred. A person cannot sue the government for money damages unless there is a waiver of sovereign immunity. A waiver cannot be implied but must be unequivocally expressed. *United States v. King,* 395 U.S. 1, 4, 89 S.Ct. 1501, 1502, 23 L.Ed.2d 52 (1969). Since this case does not concern a suit on a contract plaintiff must identify some statute which gives her a substantive cause of action for money damages. Plaintiff cites only the Tucker Act. However, the Tucker Act is jurisdictional only and does not create any substantive right enforceable against the United States for money damages. *United States v. Testan,* 424 U.S. 392, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976).

■ Plaintiff's claim for equitable relief presents a more difficult question. The Tucker Act does not confer jurisdiction over equitable claims. *E. g. Lee v. Thornton,* 420 U.S. 139, 95 S.Ct. 853, 43 L.Ed.2d 85 (1975). Since plaintiff alleges a constitutional claim this court has jurisdiction over the equitable claims under 28 U.S.C. § 1331. The question presented is whether the government has waived its sovereign immunity with respect to the equitable claims. With respect to non-monetary claims concerning *statutory* review of agency action, the United States has waived its sovereign immunity. Section 10 of the Administrative Procedure Act (A.P.A.), 5 U.S.C. § 702 provides, *inter alia,*

An action in a court of the United States seeking relief other than money damages

---

1. There was no showing of the number of transsexuals excluded or discharged from the military. Thus, although there is no written motion for class certification before the court, plaintiff has failed to establish the numerosity requirement of Rule 23(a)1, Fed.R.Civ.P. Also, the individual defendants in this case were not served; in light of the disposition of this case the court finds it unnecessary to address any issues concerning personal jurisdiction over the individual defendants.

and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States . . . .

5 U.S.C. § 702. In *Jaffee v. United States*, 592 F.2d 712 (3d Cir.) *cert. denied*, 441 U.S. 961, 99 S.Ct. 2406, 60 L.Ed.2d 1066 (1979), the court held that Section 10 of the A.P.A. constitutes a waiver of sovereign immunity in nonstatutory [2] review cases as well. The court based its decision on the legislative history which indicates that Section 10 of the A.P.A. was amended to ameliorate the harshness of the sovereign immunity doctrine in nonstatutory review actions. *Accord, Beller v. Middendorf*, 632 F.2d 788 (9th Cir. 1980); *Sheehan v. Army and Air Force Exchange Service*, 619 F.2d 1132 (5th Cir. 1980); *Merrion v. Jicarilla Apache Tribe*, 617 F.2d 537 (10th Cir. 1980) (by implication); *National Treasury Employees Union v. Campbell*, 589 F.2d 669, 673 n.7 (D.C.Cir.1978) (dicta); *Collyard v. Washington Capitals*, 477 F.Supp. 1247, 1252–53 (D.Minn.1979) (Lord, J.). *But see, Estate of Watson v. Blumenthal*, 586 F.2d 925 (2d Cir. 1978) (holding waiver under Section 10 of A.P.A. applies only to statutory review of agency action); *S.J. Groves & Sons Co. v. United States*, 495 F.Supp. 201 (D.Colo. 1980). We follow the rule and reasoning of *Jaffee* and its progeny. This court then has jurisdiction over the equitable claims.

*Justiciability*

The doctrine of justiciability is a broad general doctrine which includes jurisprudential as well as constitutional limitations on the exercise of judicial power. *See, Flast v. Cohen*, 392 U.S. 83, 95, 88 S.Ct. 1942, 1950, 20 L.Ed.2d 947 (1968) (doctrine of justiciability includes concepts of political questions, advisory opinions, mootness and standing). The doctrine "is not a legal concept with a fixed content or susceptible

of scientific verification. Its utilization is the resultant of many subtle pressures . . . . [citations omitted.]" *Id.*

a) *Standing*

Defendant alleges that plaintiff was not otherwise qualified for a commission in the army reserve and therefore lacks standing to sue. For purposes of standing plaintiff must assert "an injury . . . that is likely to be redressed by a favorable decision." *Simon v. Eastern Ky. Welfare Rights Organization*, 426 U.S. 26, 38, 96 S.Ct. 1917, 1924, 48 L.Ed.2d 450 (1976). Plaintiff was 36 years old when she applied for a commission in the army reserve. The lowest grade officer commission is that of second lieutenant. The maximum ages for commissions as a second lieutenant and first lieutenant are 28 and 33 respectively. Army Reg. 135–100, Table 1–1 at p. 1–8. Plaintiff, however, alleges that because of her special skills in cryptography and languages she could have been eligible for a special commission as a captain. The maximum age for a commission as a captain is 39. The government acknowledged the possibility that some enlistees who had not yet achieved the rank of lieutenant are eligible for a special commission as a captain but failed to indicate the criteria applied in conferring such a commission. Based on the record before the court, it is difficult to determine whether plaintiff had any chance of receiving a commission as a captain. For purposes of this motion, however, the court assumes that plaintiff has alleged a sufficient injury for purposes of standing.

b) *Reviewability*

Though the courts are less than consistent in their analytical approach to review of military regulations and orders, *compare, Gilligan v. Morgan*, 413 U.S. 1, 93 S.Ct. 2440, 37 L.Ed.2d 407 (1973) (military use of force rules presented non-justiciable political question); *Schlesinger v. Ballard*,

**2.** The term refers to cases which are not brought under a statute which specifically provides for judicial review, *see* H.R.Rep.No.94–1656, 94th Cong., 2d Sess. 5, *reprinted in* [1976]

U.S.Code Cong. & Admin.News pp. 6121, 6125; *Jaffee v. United States*, 592 F.2d 712, 718 n.12 (3d. Cir.) *cert. denied*, 441 U.S. 961, 99 S.Ct. 2406, 60 L.Ed.2d 1066 (1979).

419 U.S. 498, 95 S.Ct. 572, 42 L.Ed.2d 610 (1975) (regulation giving women naval officers longer period of time than was given men to earn specified promotion was reviewable, justiciability of controversy was presumed); *Orloff v. Willoughby*, 345 U.S. 83, 73 S.Ct. 534, 97 L.Ed. 842 (1953) (specific assignments to military duty are not subject to judicial review); and *West v. Brown*, 558 F.2d 757 (5th Cir. 1977) (validity of army regulation barring enlistment of unwed parents of minor children presented justiciable but non-reviewable issue), this court considers review of internal military affairs as presenting a question of justiciability whether it is done under the rubric of political question, non-reviewability or a policy akin to comity. In determining whether or not a particular question is justiciable we adopt the test established by the Fifth Circuit Court of Appeals in *Mindes v. Seaman*, 453 F.2d 197 (5th Cir. 1971).

Under the *Mindes* test a military regulation or order is subject to review only if the complaint alleges a constitutional claim and the intra-service remedies have been exhausted. Even if that part of the *Mindes* test is met the court is cautioned to decline review if the policy reasons behind non-review, when applied to the particular facts and circumstances, outweigh the policy reasons favoring review. In striking that balance, the *Mindes* court enumerated four factors to consider: 1. the nature and strength of plaintiff's challenge; 2. the potential injury to plaintiff if review is declined; 3. the nature and degree of interference with the military function; and 4. the extent to which the exercise of military expertise or discretion is involved. Applying that test we find plaintiff's claim not reviewable.

Plaintiff has no constitutional right to a commission as an army reserve officer, *Orloff v. Willoughby*, 345 U.S. 83, 90, 73 S.Ct. 534, 538, 97 L.Ed. 842 (1953), or indeed to service in the military. *Pauls v. Secretary of Air Force*, 457 F.2d 294 (1st Cir. 1972), and plaintiff has not alleged that her rejection has placed her good name, reputation, honor or integrity at stake so as to raise a liberty interest. *See Board of*

*Regents of State College v. Roth*, 408 U.S. 564, 573, 92 S.Ct. 2701, 2707, 33 L.Ed.2d 548 (1972). Nor do transsexuals constitute a suspect class. *Holloway v. Arthur Andersen & Co.*, 566 F.2d 659 (9th Cir. 1977). Thus plaintiff has failed to either raise a fundamental constitutional right or establish that she is a member of a suspect class so as to invoke a higher standard of judicial review.

Secondly, plaintiff's injury is speculative, at best. Her injury is the loss of an apparently somewhat remote chance to be considered for a commission as a captain in the army reserve. Even assuming plaintiff had already achieved the rank of first lieutenant, such appointments are solely within the discretion of the President. Plaintiff has no contractual, express or implied, or constitutional right to an appointment as a captain.

The degree of interference and the military expertise and discretion involved, the third and fourth factors of the *Mindes* test, in this case are better analyzed together. The interference with the military is admittedly lesser in this case where the validity of a regulation as opposed to an order is at issue, *compare, Orloff v. Willoughby*, 345 U.S. 83, 73 S.Ct. 534, 97 L.Ed. 842 (1953) *with Schlesinger v. Ballard*, 419 U.S. 498, 95 S.Ct. 572, 42 L.Ed.2d 610 (1975); and it has been noted that judicial standards under the equal protection clause are well developed. *See, Baker v. Carr*, 369 U.S. 186, 226, 82 S.Ct. 691, 715, 7 L.Ed.2d 663 (1962). Thus it might be argued that the court here would not be interfering with military duty assignment decisions nor would it be lacking in judicially manageable standards. However, in this case the regulation concerns a medical fitness regulation; the courts are peculiarly ill-equipped to develop judicial standards for passing on the validity of judgments concerning medical fitness for the military. *See, Reaves v. Ainsworth*, 219 U.S. 296, 306, 31 S.Ct. 230, 234, 55 L.Ed. 225 (1911) (order of discharge of army officer based upon failure to meet medical fitness requirements not reviewable, as such would cause great "embarrassment" and "detriment" to the army). Though the case law is not entirely consistent, *compare,*

*NeSmith v. Fulton*, 615 F.2d 196 (5th Cir. 1980) (order of discharge of civilian technician from Air National Guard not reviewable; constitutional due process challenge was not substantial and injury to plaintiff minimal as plaintiff's term expired automatically one week later); *Schlanger v. United States*, 586 F.2d 667 (9th Cir. 1978) (removal of airman from commissioning program and reassignment to another location not reviewable, injury to plaintiff was not serious and interference with military was significant); *West v. Brown*, 558 F.2d 757 (5th Cir. 1977) (regulation barring enlistment of unwed parents of minor children not reviewable, no fundamental right involved and adverse impact on military was significant) *with Beller v. Middendorf*, 632 F.2d 788 (9th Cir. 1980) (regulation authorizing discharge for homosexual conduct was reviewable and upheld, justiciability of issue not addressed); *benShalom v. Secretary of Army*, 489 F.Supp. 964 (E.D.Wis. 1980) (regulation authorizing discharge if reservist "evidences homosexual tendencies, desire or interest ..." held reviewable); and *Cushing v. Tetter*, 478 F.Supp. 960 (D.R.I.1979) (individual duty assignment of navy enlistee reviewable; plaintiff's constitutional claim and possible injury were substantial as he risked his own life by returning to duty under psychological infliction causing suicidal or homicidal tendencies), we hold that, on the facts presented here, this case presents a non-justiciable controversy. The court does not thereby intend to place all regulations cast under the aegis of medical fitness beyond the pale of judicial review. However, in this case where plaintiff was not in the military when the alleged injury arose, her qualifications for a commission were tenuous, and her injury speculative, at best, reviewing a medical fitness regulation with possible far reaching consequences would be improvident.

If the merits of this claim were reached, it would appear that *Beller v. Middendorf*, 632 F.2d 788 (9th Cir. 1980) would be controlling. The court there applied the rational basis test in reviewing a navy regulation which required the discharge of persons who practiced homosexual conduct.

The regulation was upheld on grounds that the navy might well conclude that a substantial number of personnel might harbor feelings of hostility towards homosexuals thereby impairing the navy's ability to recruit personnel and that the same feelings may undermine the homosexual's ability to command respect and trust. The regulation here at issue is a part of a general medical fitness standard which is designed to assure the enlistment of personnel free of medical conditions which would cause excessive lost time from duty, medically adaptable to global geographic areas and capable of performing duties without aggravation of existing physical or medical conditions. AR 40–501.

Brigadier General Ledford has submitted, by affidavit, evidence that transsexuals would require medical maintenance to ensure their correct hormonal balances and continued psychological treatment and that the army would have to acquire the facilities and expertise to treat the endocrinological complications which may stem from the hormone therapy. The army might well conclude that those factors could cause plaintiff to lose excessive duty time and impair her ability to serve in all corners of the globe.

For reasons set forth herein, plaintiff's complaint is DISMISSED.