**John DOE, Plaintiff,**

v.

**UNITED SERVICES LIFE
INSURANCE COMPANY,
Defendant.**

**No. 88 Civ. 5630 (RWS).**

United States District Court,
S.D. New York.

Dec. 13, 1988.

Scherzer & Palella, New York City, for plaintiff (Mark Scherzer, Thomas B. Stoddard, of counsel).

Townley & Updike, New York City, for defendant (Richard R. Lutz, David O. Simon, of counsel).

OPINION

SWEET, District Judge.

Plaintiff "John Doe" ("Doe") has moved for an order granting him leave to prose-

cute this action under a pseudonym, sealing all court records in which his actual name, address, or employer appear and withholding this information from defendant United Services Life Insurance Company ("United Services") and any of United Services's witnesses unless they agree to a confidentiality order. United Services seeks to dismiss the complaint for failure to identify the plaintiff as Rule 10(a) of the Federal Rules of Civil Procedure requires. For the reasons set forth below, Doe's motion is granted to the extent set forth below and United Services's motion is denied.

*The Facts*

Doe currently works as a law clerk to a federal judge. During Doe's last year of law school, Doe and his father agreed to obtain a life insurance policy on Doe's life to secure his father's obligations as guarantor of Doe's student loans. In November of 1987, Doe and his father allegedly applied to United Services to purchase a $100,000 life insurance policy on Doe's life, naming Doe's father as beneficiary.

As part of the application process, a United Services representative interviewed Doe and the company required that Doe undergo a physical examination. Doe alleges that United Services takes extra precautions in processing homosexuals' life insurance applications and that the company required the interview and blood test because—as a single male living in Greenwich Village with another male at the time of his application—Doe fit a homosexual profile.

Because Doe allegedly admitted at the interview that he previously had been arrested for public intoxication and because his blood test revealed abnormally high levels of liver enzymes often associated with alcohol abuse, United Services added a $105 surcharge to Doe's premium, raising it from $155 to $260.

Upon learning of his abnormal blood test results, Doe offered to retake the blood test, but United Services declined. After undergoing an independent blood test that yielded no abnormal results, Doe brought this lawsuit. Doe alleges he is heterosexual.

*Prior Proceedings*

Doe originally filed the complaint in this action in the Supreme Court of the State of New York, alleging violations of New York insurance law and discrimination based on sex, marital status, and sexual orientation. United Services removed the action and made the instant motion prior to answer.

Pursuant to a state court ex parte order authorizing service of the pleadings under the name "John Doe," Doe served United Services with the complaint and an order to show cause returnable August 12, 1988, seeking leave to prosecute the action under a pseudonym and other protection of his identity. That motion was pending at the time United Services removed the case to federal court. Because motions pending in state court at the time of removal survive removal, this court made Doe's motion returnable September 16, 1988, upon the moving papers originally filed in state court.

After Doe initiated the lawsuit, United Services invited Doe to submit to another blood test and offered to issue him a standard rate policy if his liver enzyme tests were within normal range. Doe declined, presumably to defeat a mootness claim and to assert his rights as alleged in the complaint.

*Proceeding Under a Pseudonym*

■ According to Doe, the public's interest in eliminating unfair practices in the sale of insurance, Doe's privacy interest in not being publicly identified as a homosexual, and Doe's concern for his status as a law clerk for a federal judge favor permitting him to proceed pseudonymously. United Services denies that this case will require Doe to reveal confidential information about his sexual preference or practices and characterizes the action as involving a challenge to the company's decision to charge Doe a higher premium "due to a health risk unrelated to sexual activities," not one regarding homosexuality or susceptibility to AIDS. United Services also argues that permitting Doe to proceed pseudonymously will injure it by involving it in a highly publicized case while denying it the ability to defend itself from publicity or

to set the record straight by a full response.

"Generally, lawsuits are public events and the public has a legitimate interest in knowing the pertinent facts." *Free Market Compensation v. Commodity Exch.,* 98 F.R.D. 311, 312 (S.D.N.Y.1983). Accordingly, parties to a lawsuit usually should proceed under their real names. *See* Fed. R.Civ.P. 10(a) ("In the complaint the title of the action shall include the names of all the parties. . . ."); Fed.R.Civ.P. 17 ("Every action shall be prosecuted in the name of the real party in interest."); *see also Coe v. United States Dist. Court for the Dist. of Colo.,* 676 F.2d 411, 415 (10th Cir.1982); *Southern Methodist Univ. Ass'n v. Wynne & Jaffe,* 599 F.2d 707, 712 (5th Cir.1979).

Under special circumstances, however, courts have allowed parties to use fictitious names, particularly where necessary to "protect[ ] privacy in a very private matter." *Doe v. Deschamps,* 64 F.R.D. 652, 653 (D.Mont.1974); *see, e.g., Roe v. Wade,* 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973) (abortion); *Poe v. Ullman,* 367 U.S. 497, 81 S.Ct. 1752, 6 L.Ed.2d 989 (1961) (birth control); *Doe v. Mundy,* 514 F.2d 1179 (7th Cir.1975) (abortion); *Doe v. Alexander,* 510 F.Supp. 900 (D.Minn.1981) (transexuality); *Doe v. Harris,* 495 F.Supp. 1161 (S.D.N.Y.1980) (mental illness); *Doe v. McConn,* 489 F.Supp. 76 (S.D.Tex.1980) (transexuality); *Doe v. Shapiro,* 302 F.Supp. 761 (D.Conn.1969) (welfare rights of illegitimate children), *appeal dismissed,* 396 U.S. 488, 90 S.Ct. 641, 24 L.Ed.2d 677, *reh'g denied,* 397 U.S. 970, 90 S.Ct. 991, 25 L.Ed.2d 264 (1970).

Cases where a party risks public identification as a homosexual also raise privacy concerns that have supported an exception to the general rule of disclosure. *See, e.g., Doe v. Weinberger,* 820 F.2d 1275 (D.C.Cir. 1987), *cert. granted,* — U.S. —, 108 S.Ct. 1073, 99 L.Ed.2d 233 (1988); *Doe v.* *United States Air Force,* 812 F.2d 738 (D.C.Cir.1987); *Doe v. Department of Transp.,* 412 F.2d 674 (8th Cir.1969); *Doe v. Commonwealth's Attorney for City of Richmond,* 403 F.Supp. 1199 (E.D.Va. 1975), *aff'd,* 425 U.S. 901, 96 S.Ct. 1489, 47 L.Ed.2d 751 *reh'g denied,* 425 U.S. 985, 96 S.Ct. 2192, 48 L.Ed.2d 810 (1976); *Doe v. Chaffee,* 355 F.Supp. 112 (N.D.Cal.1973). Concern to avoid public identification as a homosexual is heightened in light of the widespread public fear engendered by the Acquired Immunodeficiency Syndrome ("AIDS") crisis. *Cf. Doe v. Rostker,* 89 F.R.D. 158, 161 (proceeding anonymously is appropriate where issues in case present a risk of "some social stigma").

 Doe may well be publicly identified as homosexual, despite the fact that Doe contends—and United Services concedes—that he is heterosexual. Doe's complaint alleges that United Services discriminated against him because it suspected that he was homosexual, and by bringing this action Doe seeks to vindicate the rights of homosexuals. Moreover, Doe is represented in this case by attorneys cooperating with Lambda Legal Defense and Education Fund, Inc., an organization widely recognized for its efforts in defending the rights of lesbians and gay men.[1]

Significantly, this is not a case in which permitting Doe to proceed pseudonymously will disadvantage United Services. United Services already knows Doe's true identity, it will have full discovery rights as the case progresses, and it will only be barred from using or disclosing the fruits of its discovery for purposes other than the defense of this action.

*Conclusion*

For the reasons set forth above, Doe's motion is granted upon the conditions set forth in connection with the denial of United Services's motion.

It is so ordered.

---

1. One of the reasons Doe offers for prosecuting this case under a pseudonym involves the effect this case might have on his status as a law clerk to a federal judge. This court's decision to permit Doe to proceed pseudonymously reflects a concern for his public identification as a homosexual, not a concern for his employment status. Courts should not permit parties to proceed pseudonymously just to protect the parties' professional or economic life. *See Coe v. United States Dist. Court for the Dist. of Colo.,* 676 F.2d 411 (10th Cir.1982); *Southern Methodist Univ. Ass'n v. Wynne & Jaffe,* 599 F.2d 707 (5th Cir. 1979).