John DOE

v.

BOROUGH OF MORRISVILLE et al.

Civ. A. No. 89–9161.

United States District Court,
E.D. Pennsylvania.

April 17, 1990.

John Doe, Lansing, Mich., for plaintiff.

William F. Holsten, II, Media, Pa., for defendants Township Wrightstown, Donat, Cronlund, Wrightstown Police Dept.

Ralf Gilbert, Morrisville, Pa., for defendants Boro Council of Morrisville, Hoffman, Schell, Solt, Mack, Boro of Morrisville Police Dept., Boro of Morrisville Civil Service Commission, Solt, Damario, Morrisville Boro, Merker.

Thomas P. Wagner, Philadelphia, Pa., for defendants Rubenstein, Reichley, Zellis, Gorley, Broche, Armitage, Bucks County Dist. Attorney's Office, Bucks County Detective's Office.

William F. Holsten, II, Media, Pa., for defendants Boro of Yardley, Boro of Yardley Council, Boro of Yardley Council Members, Taylor, Prohy, McHale, Constantino, O'Hare, Morgan, Snyder, Boro of Yardley Solicitor Tomar, Boro of Yardley Mayor Robinson.

Claudia M. Tesoro, Deputy Atty. Gen., Philadelphia, Pa., for defendants Sharpe, McAndrews, Racowski.

Donald Wieand, Allentown, Pa., for defendant Hughes.

OPINION AND ORDER

VAN ANTWERPEN, District Judge.

This matter is before us on federal question jurisdiction, 28 U.S.C. §§ 1331 and 1343, in that claims are asserted under 18 U.S.C. §§ 1961–1968 and 42 U.S.C. §§ 1981, 1983, 1985 and 1986, and under diversity jurisdiction, in that plaintiff alleges he is a citizen of the State of Michigan and that all

defendants are citizens or public bodies of the Commonwealth of Pennsylvania [1].

Plaintiff John Doe is acting *pro se*, does not set forth an address in this District as required by Local Rule 18(b) and has not sought leave of court to file under the pseudonym of "John Doe".

Before us are:

1. Plaintiff's Motion for Enlargement of Time

2. Motion to Dismiss of defendants Ronald Sharpe, Fred Rokosky and McAndrews (hereinafter "State Police Defendants"), plaintiff's response thereto and defendant's supplemental memorandum in support of the Motion.

3. Motion to Dismiss and for a More Definite Statement of defendants Borough Council of Morrisville, John Hoffman, Pat Schell, Edgar Solt, Thomas Mack, Borough of Morrisville Police Department, Borough of Morrisville Civil Service Commission, Edgar Solt, Lou Damario, Morrisville Borough and Harry Merker. (hereinafter "Morrisville Defendants")

4. Motion to Dismiss of defendants Wrightstown Township, George Donant, Ken Cronlund and Wrightstown Police Department. (hereinafter "Wrightstown Defendants")

5. Motion to Dismiss of defendants Borough of Yardley, Borough of Yardley Council, Borough of Yardley Council Members: Susan Taylor, Vince Profy, Fred McHale, Andy Costantino, Ray O'Hare, Edward Morgan and Edward Snyder, Borough of Yardley Solicitor Larry Tomar and Borough of Yardley Mayor Edward Robinson. (hereinafter "Yardley Defendants")

6. Motion to dismiss and for a More Definite statement of defendant Walter Hughes.

In addition to the foregoing Motions to Dismiss, Answers have been filed on behalf of defendants Alan M. Rubenstein, Dale Reichley, David Zellis, Paul Gorley, Edward Broche, David Armitage, Office of the District Attorney of Bucks County, Office of the Bucks County Detectives. ("hereinafter Bucks County Defendants")

With regard to plaintiff's Motion for an enlargement of time, for the purpose of responding to the Motions to Dismiss, the Motion will be denied as moot, because we are instead granting plaintiff leave to file an amended complaint. With regard to the defense Motions to Dismiss, they will be denied at this time without prejudice, and *pro se* plaintiff will be given an opportunity to file an amended complaint in a form which will permit defendants reasonable opportunity to know the claims against them, and which will be comprehensible by the Court. The Bucks County defendants will be granted leave to file an amended answer or a motion to dismiss following the filing of an amended complaint.

Our action does not end with ruling on the Motions. We act, *sua sponte* on three other matters, first, plaintiff's failure to comply with the requirements of Fed.R. Civ.P. 10 and 11 by disclosing his name and signing it to the pleadings, second, plaintiff's failure to comply with Local Rule 18(b) which requires that:

(b) Any party who appears pro se shall file with his appearance or with his initial pleading an address within the district where notices and papers can be served.

and, third and most importantly, in connection with our ruling on the Motion for a More Definite Statement, plaintiff's failure to comply with the requirements of Fed.R. Civ.P. 8(a)(2), which requires:

(2) a short and plain statement of the claim showing that the pleader is entitled to relief....

We will deal with these matters *seriatim*.

DISCLOSURE OF NAME

■ Fed.R.Civ.P. 10(a) requires that "In the Complaint the title of the action shall include the names of all the parties ..." Fed.R.Civ.P. 11 provides, in part: "If a pleading, motion, or other paper is not signed, it shall be stricken unless it is

---

**1.** This may present problems under the 11th Amendment to the United States Constitution; we do not address these problems at this point.

signed promptly after the omission is called to the attention of the pleader or movant." Courts have allowed filings under pseudonyms, but only on good cause shown. According to exhibits attached to plaintiff's Response to Motion for Enlargement of Time (Document 14) plaintiff John Doe is either Bob Puricelli or Brian Puricelli, who was once a police officer to Wrightstown Township.

According to the Motion to Dismiss of the Morrisville Defendants, plaintiff John Doe is Brian Puricelli, who was employed as a police officer by the Borough of Morrisville. Defendants claim that Brian Puricelli has brought two previous actions against the Borough of Morrisville involving at least in part the subject matter of the instant action. These actions in the Court of Common Pleas of Bucks County were: *Brian Puricelli v. Borough of Morrisville*, No. 84–0781–03–6 and *Brian Puricelli v. Borough of Morrisville, et al.*, No. 85–9321–11–1. No. 84–0781–03–6 was decided adversely to Brian Puricelli, and appealed to Commonwealth Court, where the action of the trial court was affirmed. No. 85–9321–11–1 is pending in the Court of Common Pleas of Bucks County.

Plaintiff has never filed a Motion, or by any other means, asked leave of this Court to file under a pseudonym. Since, in the instant case, we are dealing with a *pro se* litigant, we have carefully examined the record to determine whether there are factors which justify permitting John Doe to continue to proceed under his pseudonym. The only grounds that we can find in the record is an unsubstantiated allegation concerning the disclosure of some supposedly secret court information concerning plaintiff, and his apparent desire to prevent his new community from knowing about the litigation concerning his employment history. This does not satisfy the criteria used in other cases where courts have permitted filing under a pseudonym.

Generally, lawsuits are public events and the public has a legitimate interest in knowing the pertinent facts, including the true names of the parties. Under special circumstances, however, courts have al-lowed parties to use fictitious names, particularly where necessary to protect privacy. Examples of these circumstances are abortion, birth control, transexuality, mental illness, welfare rights of illegitimate children, AIDS, and homosexuality. *See Doe v. United Services Life Ins. Co.*, 123 F.R.D. 437, 439 (S.D.N.Y.1988) and cases cited therein.

> That plaintiff may suffer some embarrassment or economic harm is not enough. There must be a strong social interest in concealing the identity of the plaintiff.

*Doe v. Hallock*, 119 F.R.D. 640, 644 (S.D. Miss.1987). Consequently we will order plaintiff to amend his pleading to reveal his true name, unless he files a motion setting forth proper grounds for use of a pseudonym.

Where leave to file under a pseudonym is denied, and the plaintiff amends to file under his or her true name, the case can be deemed to have been properly filed. *Id.* Since, judging from the content of the Motions to Dismiss, plaintiff is apparently well known to the defendants, we find that they have not been prejudiced by John Doe's failure to file in his true name. Upon the filing of an Amended Complaint giving plaintiff's true name we will consider that the amendment relates back to the filing of the original Complaint.

LOCAL ADDRESS

■ With regard to his non-compliance with Local Rule 18(b), plaintiff has filed a document entitled "Limited Appearance of Counsel", signed by plaintiff as John Doe, in which he grants the firm of Lovetz and Gold, located in Philadelphia, power to handle plaintiff's action against Wrightstown Township, Wrightstown Township Police Department, Wrightstown Township Supervisors, Walter Hughes, George Donate and Ken Cronlund. No appearance has been entered by Lovetz and Gold. Even if such an appearance were entered, it would not, because of its limited nature, fulfill the requirements of Local Rule 18(b). Consequently, plaintiff will be ordered to provide an address in this District where *all* notices

and papers can be served pursuant to Local Rule 18(b).

## MORE DEFINITE STATEMENT

■ With regard to the Motion for a More Definite Statement, and our *sua sponte* action under Fed.R.Civ.P. 8(a), we note that *pro se* plaintiff has filed a Complaint consisting of a rambling 425 paragraph narrative and fifteen (15) counts, and a Supplemental Complaint consisting of a rambling 177 paragraph narrative and eleven (11) counts. Some of the counts in the Supplemental Complaint appear to duplicate counts in the original Complaint, and are numbered accordingly. There are 32 defendants named in the Supplemental Complaint.

Plaintiff's claims are not readily comprehensible, but he appears to contend that the governmental units for which he worked as a police officer deprived him of his employment rights, and that his efforts to expose official wrongdoing went unheeded and/or resulted in retaliation against him. There are also allegations concerning release of unspecified confidential information about plaintiff.

In making our rulings, we are fully aware of the difficulty that a *pro se* litigant faces in prosecuting an action of this nature, and the requirement of Fed.R. Civ.P. 8(f) that "[a]ll pleadings shall be so construed as to do substantial justice". *See Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) and *Lewis v. Attorney General of U.S.,* 878 F.2d 714, 722, n. 20 (3rd Cir.1989). However, we are also fully aware of the difficulty and expense already incurred by defendants in attempting to decipher plaintiff's pleadings and respond to them, and the difficulty faced by the Court in evaluating plaintiff's claims.

Plaintiff, is his prolix pleading has at once written too much and too little. Much of what he has written in not directly relevant to establishing his claim. On the other hand, in many instances facts essential to giving proper notice of his claims are lacking. In addition, all factual pleadings are incorporated by reference in all counts, and the counts are directed at all defendants. In actuality the claims against individual defendants or groups of defendants appear to be based on discrete sets of facts. Because the Complaint and Supplemental Complaint lack a coherent structure, it is virtually impossible to determine which factual statements are intended to apply to which defendants. Some of the defendants have attempted to make such a determination, but their determination is not a substitute for a clear statement by the plaintiff. Consequently, we find that the Complaint and Supplemental Complaint do not give the defendants adequate notice of the claims against them. Our order will contain criteria which will provide a framework for a more readily comprehended pleading.

Faced with *pro se* plaintiff's prolix and ill organized pleadings, we have not attempted a thorough analysis of plaintiff's claims or defendants' defenses. We do find that, on their face, many of the factual and legal issues raised by defendants appear to have merit. Defendant is strongly advised to consider those issues thoughtfully in drafting his Amended Complaint.

Buried within plaintiff's pleadings may well be valid causes of action against some or all of the defendants. It is simply not possible to determine, from the pleadings as filed, whether this is so. To the extent that plaintiff does have valid claims they should be properly pleaded. Plaintiff is most strongly advised to seek the advice of counsel to evaluate his claims, and to plead on his behalf those which have substance. On the other hand, this Court will not acquiesce in the continued reiteration of frivolous claims simply because they are filed by a *pro se* litigant, and plaintiff's attention is directed to Fed.R.Civ.P. 11, which says, in part:

> The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good

faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation ... If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

An appropriate Order follows.

### ORDER

AND NOW, this 17th day of April, 1990, upon consideration of Plaintiff's Motion for Enlargement of Time, and Motions to Dismiss of the State Police Defendants, the Morrisville Defendants, the Wrightstown Defendants, the Yardley Defendants and defendant Walter Hughes (as defined in the attached Opinion) and Walter Hughes Motion for a More Definite Statement, for the reasons given in the attached Opinion, IT IS ORDERED THAT:

1. The plaintiffs Motion for Enlargement of Time is Denied as moot.

2. The defense Motions to Dismiss are Denied, without prejudice to the right of the defendants to file motions to dismiss upon the filing by plaintiff of an amended complaint.

3. The defense Motions for a More Definite Statement are Granted.

4. The amended complaint shall be in plaintiff's true name unless plaintiff files a proper motion within 10 days of the date of this order and the Court grants him permission to use a pseudonym.

5. Plaintiffs Complaint and Supplemental Complaint will be dismissed with prejudice for failure to Comply with Fed.R. Civ.P. 8(a)(2), 10 and 11 and Local Rule 18(b), unless, within 30 days of the date of this Order plaintiff files an amended complaint satisfying the following criteria:

(a) The amended complaint shall contain an address within the Eastern District of Pennsylvania where all notices and papers in this case can be served.

(b) The amended complaint may contain an introductory statement. All paragraphs shall be numbered.

(c) The actual claims against defendants or groups of defendants shall be stated in counts pertaining to particular defendants or groups of defendants (*e.g.* the "Morrisville Defendants"). Each count shall contain a *short* and plain statement of all of the facts necessary to support that count.

(d) Factual statements may be incorporated by reference only if a single set of facts supports more than one Count against one defendant or group of defendants. In such a case the first such count shall contain a full statement, and succeeding counts against the same defendant or group of defendants may incorporate by reference factual statements in the first such count.

6. The Bucks County defendants are granted leave to file an amended answer or a motion to dismiss following the filing of an amended complaint.