690 A.2d 160

DR. JOHN DOE, PLAINTIFF, v. TRIS COMPREHENSIVE MENTAL HEALTH, INC., BARBARA BOE AND CHARLES COE, DEFENDANTS.

Superior Court of New Jersey
Law Division
Camden County

November 7, 1996.

*James P.A. Cavanaugh,* for plaintiff.

*Gary C. Chiumento* and *Michael M. Weinkowitz,* for defendant (Pennington & Thompson, P.C.).

## OPINION

ORLANDO, A.J.S.C.

The Plaintiff "Dr. John Doe" (hereinafter Doe) has made application to the court for an order granting him leave to prosecute this employment discrimination action against his former employer under a pseudonym so that he may litigate his claim anonymously. The Plaintiff alleges that he is a homosexual and that he is infected with the human immune deficiency virus or HIV, which is the acknowledged cause of acquired immune deficiency syndrome or AIDS. Doe contends that he was wrongfully terminated by the defendant due to his status as a homosexual man infected with the HIV virus.

Doe is a licensed psychotherapist. His employment with the defendant commenced on June 26, 1995. On the following day he revealed his homosexuality to a co-worker and fellow management trainee. Doe asserts that the insurance records submitted to the defendant corporation reveal that he is HIV positive. Doe contends that on June 28, two days after the commencement of his employment, he was fired by the defendant.

The Plaintiff seeks to prosecute this action under a pseudonym to avoid any stigmatization that would occur if his HIV positive status is revealed. Prior to and following his employment with the defendant, Doe was and continues to be self-employed as a psychotherapist with numerous patients. He contends that the revelation of his HIV positive status would adversely affect his

livelihood, since many of his patients would cease to treat with him. Moreover, he asserts that the public revelation of his HIV positive status would cause prospective clients to refuse to engage his services and would result in his becoming a social outcast. Doe has for the most part closely guarded his HIV positive status. Although members of his family and certain acquaintances are aware of his homosexuality, he has only revealed his HIV status to members of an AIDS support group in which he participates and to one close friend. Indeed he has kept his HIV positive status from members of his family. He, therefore seeks to prosecute this action anonymously.

There is a general presumption grounded in both custom and the Constitution that judicial proceedings will be open, *A.B.C. v. XYZ Corp.*, 282 *N.J.Super.* 494, 660 *A.*2d 1199 (App.Div.1995). The United States Supreme Court stated in *Craig v. Harney*, 331 *U.S.* 367, 374, 67 *S.Ct.* 1249, 1254, 91 L.Ed. 1546, 1551 (1947):

> A trial is a public event. What transpires in a courtroom is public property ... there is no special prerequisite of the judiciary which enables it, as distinguished from other institutions of democratic government, to suppress, edit, or censor events which transpire in proceedings before it.

The requirement of open public proceedings is also embodied in our court rules. *R.* 1:4–1(a)(1) requires that the caption of a civil complaint identify all parties to the lawsuit. The basis for this rule is to serve society's interest in having access to all the facts of the lawsuit, including the actual names of the parties. *A.B.C. v. XYZ Corporation, supra*, 282 *N.J.Super.* 494, 660 *A.*2d 1199 (App.Div.1995). Moreover *R* 1:2–1 provides that proceedings be conducted in open court unless otherwise provided by rule or statute.

However, the requirement of open judicial proceedings is not without exception. *R.* 5:19–2 provides for confidentiality in juvenile proceedings. Similarly, the initials of parents and children have been utilized in civil suits arising from child abuse complaints due to the confidentiality requirements of *N.J.S.A.* 9:6–8.10a. *F.A., P.A., and M.N., M.A. & C.A., infants by their guardian ad litem, P.A. v. W.J.F.*, 280 *N.J.Super.* 570, 656 *A.*2d 43 (App.Div.

1995). Furthermore, our Supreme Court in *Stern v. Stern,* 66 *N.J.* 340, 343 n. 1, 331 A.2d 257 (1975) has recognized that the identity of litigants may be disguised where the interest of minors are concerned as well as upon "other miscellaneous but rare occasions".

In *A.B.C. v. XYZ Corp., supra,* 282 *N.J.Super.* 494, 660 *A.*2d 1199, the Appellate Division was presented with a plaintiff who sought to prosecute an employment discrimination action against his former employer without disclosing either his or the employer's name. In analyzing the issue, the Appellate Division adopted a balancing test developed by the federal courts which have considered the issue of protecting a litigants identity. The court articulated this test:

> "Although in certain rare circumstances the litigant's interest and privacy may overcome the constitutional presumption in favor of open court proceedings, mere embarrassment or a desire to avoid the potential criticism attendant to litigation will not suffice. In cases involving merely money damage claims and employment reinstatement issues a plaintiff should not be permitted to conceal his identity from the public absent a clear convincing showing that there exist a genuine risk of physical harm, the litigation will entail revelation of highly private and personal information, the very relief sought will be defeated by revealing the party's identity, or other substantial reasons why identification of the party would be improper. Once such compelling circumstances have been shown, the litigant's privacy interest must be weighed against the constitutional and public interest in open judicial proceedings."
>
> [*Id.* at 505, 660 *A.*2d 1199.]

The Appellate Division in *A.B.C., supra,* upheld the trial court's determination requiring the plaintiff to disclose his identity, ruling that plaintiff's privacy interest did not outweigh the public's right to an open forum. The plaintiff in *A.B.C.* claimed to suffer from a sexual disorder known as exhibitionism in which he was given to exposing himself. In requiring the plaintiff to reveal his identity the Appellate Division considered the fact that plaintiff had admitted to criminal acts in Texas and had further admitted that he had engaged in conduct prohibited under the New Jersey Criminal Code. Moreover, the court was of the opinion that a protective order which was entered in the case was adequate to protect the

plaintiff's privacy, particularly in view of his current residence and employment in a distant state. *Id.* at 507 n. 4, 660 *A*.2d 1199.

In *T.S.R. v. J.C.,* 288 *N.J.Super.* 48, 671 *A*.2d 1068 (App.Div. 1996) the Appellate Division reviewed an application filed by the defendants to proceed anonymously in a civil action filed under the child molestation statute. The case concerned two claims for damages for sexual molestation brought pursuant to *N.J.S.A.* 2A:61 B–1 against a minister, the local church and its hierarchy. In upholding the decision of the trial court requiring full disclosure of the identities of the defendants, the court noted that the church had already circulated at least three letters among its congregants concerning the substance of the plaintiffs' claims and naming the defendant minister directly. Thus, the court observed that there was already wide circulation of the claims and the identity of the defendant. The court therefore determined that the public should not be excluded from information that had already received wide spread dissemination.

No New Jersey case has been uncovered in which a court has reviewed an application by a party to proceed anonymously on the grounds of sexual orientation or one's HIV positive status. However, in *Doe v. United Services Life Insurance Co.* 123 *F.R.D.* 437 (S.D.N.Y.1988), the federal district court considered an application of a heterosexual male to proceed anonymously in a claim against a life insurance carrier which had erroneously classified him as a homosexual and then attempted to add a surcharge to his premium on the basis of its inaccurate characterization. The court permitted the plaintiff to litigate under a fictitious name. Critical to the court's decision was its determination that public identification as a homosexual constitutes a privacy concern that is an exception to the general rule of full disclosure of the identity of the parties. The court noted that this is due in large part to the widespread public fear caused by the AIDS crisis.

In *Doe v. Blue Cross and Blue Shield of Rhode Island,* 794 *F.Supp.* 72 (D.R.I.1992), the Federal District Court permitted a transsexual to litigate anonymously a claim for reimbursement of

expenses for a sex change operation against a medical insurer. The court observed that one's sexual practices are among the most private and intimate aspects of one's life. The court noted that homosexual plaintiffs have been permitted to pursue their cases anonymously to shield them from social stigmatization. The court determined that when one's sexual practices fall outside the realm of "conventional" practices, the privacy interest is significant. The court concluded that compelling the plaintiff to proceed in the plaintiff's true name was likely to result in social stigmatization. Accordingly, the court ruled that there was a strong social interest which militated in favor of concealing the identity of the plaintiff.

Turning to the case at bar, there is no question that the litigation will entail revealing highly private and personal information about plaintiff. Not only will plaintiff's sexual orientation as a homosexual be disclosed, but more significantly, his current status as being HIV positive will be revealed. Plaintiff has zealously tried to guard his medical condition from others. Indeed, outside of his support group and one close personal friend, it has not been disclosed to any other person, not even to family members.

Having determined that the litigation will result in plaintiff's revealing of private and personal information, I now must decide whether plaintiff's privacy interest outweighs the general rule requiring open judicial proceedings. I determine that it does. There can be no doubt but that plaintiff will endure significant social stigmatization if his HIV positive status is revealed. Doe will most certainly suffer economic loss as existing patients flee from his care and future patients decline his services due to concern over his medical condition. Moreover, it is likely that neighbors, business associates, friends and even family members will seek to avoid him. This is not a case in which plaintiff has engaged in criminal conduct as did plaintiff in *A.B.C.*, or where there has already been widespread dissemination of the events and the parties' identities, as was the case in *TSR*. Moreover, unlike the plaintiff in *A.B.C.* who had relocated out of state and was employed out of state, this plaintiff continues to reside in his

same home and continues to maintain his psychotherapy practice. In *Doe v. United Services, supra* the court recognized that within our society there is stigmatization of homosexuals because of the widespread fear of AIDS. The present case is much more compelling, because this plaintiff is a homosexual who actually suffers from the HIV virus. To require plaintiff to reveal his identity leaves him with a draconian decision of having to disclose his HIV status and thus turn himself into a social outcast or forego what may be a valid claim for wrongful termination. A plaintiff should not be compelled to turn himself or herself into a social outcast in order to pursue a legally recognized right. The defendant will not be harmed by allowing plaintiff to proceed anonymously. Defendant knows the identity of plaintiff, knows the identity of the co-workers and, therefore, can adequately defend against plaintiff's claim he was terminated due to his HIV positive status.

Furthermore, I am confident that suitable orders can be fashioned that will allow a fair jury to be selected and an open public trial to be conducted while permitting plaintiff to proceed anonymously. Indeed, *N.J.S.A.* 2A:61B–1(f) mandates such a procedure for plaintiffs who assert civil claims based upon allegations of child molestation. Accordingly, plaintiff's application to proceed by way of a fictitious name is granted.