Lauriat, Peter M., J.
In this action for declaratory judgment and breach of privacy, plaintiff “Leslie Roe MD” seeks leave to proceed using a pseudonym, arguing that the disclosure of “her” true name will cause stigma, loss of prestige, and loss of income. She also contends that the alleged injury claimed here will likely re-occur, and that public policy favors anonymity-
In determining whether a litigant may proceed anonymously, a court must balance the litigant’s substantial right to privacy with the constitutionally embedded presumption of openness in judicial proceedings. MacInnes v. Cigna Group Ins. Co. of America, 379 F.Sup.2d 89, 90 (D.Mass. 2005). The burden is on the proponent to demonstrate the need for confidentiality, id.; relief will be granted only in exceptional circumstances. Doe v. Bell Atl. Business Sys., Inc., 162 F.R.D. 418, 422 (D.Mass. 1995). See also Doe v. United Servs. Ins. Co., 123 F.R.D. 437, 439 (S.D.N.Y. 1988) (and cases cited); Moe v. Secretary of Admin. & Fin., 417 Mass. 629 n.1 (1981). “Economic harm or mere embarrassment are not sufficient to override the strong public interest in disclosure.” Bell Atl., 162 F.R.D. at 420; United Servs., 123 F.R.D. at 439 n. 1 (“[cjourts should not permit parties to proceed pseudonymously just to protect the parties’ professional or economic life”).
The plaintiff has advanced no reason to support her claim other than possible professional and economic harm. Therefore, plaintiff Leslie Roe MD’s Motion for Leave to Proceed Under Pseudonym is DENIED. Any Protected Health Information covered under the Health Insurance Portability and Accountability Act of 1996 (“HIPAA”) will be kept confidential, and the court will consider and enter an appropriate Confidentiality Order to that effect.