**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 30 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

KENNETH R. KOETTING,

       Plaintiff-Appellant,

v.

NOBLE COUNTY BOARD OF
COUNTY COMMISSIONERS;
JERRY COOK; NOBLE
COUNTY JAIL,

       Defendants-Appellees.

No. 00-6146
(D.C. No. 98-CV-1730-M)
(W.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **SEYMOUR** , **BALDOCK** , and **LUCERO** , Circuit Judges.

---

Plaintiff Kenneth R. Koetting brought this action under 42 U.S.C. § 1983 alleging a variety of types of unconstitutional treatment while he was a prisoner in the Noble County Jail in Perry, Oklahoma, and seeking damages and declaratory and injunctive relief. The district court concluded that Koetting's complaint

---

*    The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

failed to state a claim on which relief could be granted and dismissed it pursuant to Fed. R. Civ. P. 12(b)(6). Koetting appeals. We affirm for the reasons stated below.

Koetting was incarcerated in the Noble County Jail from October 1998 to May 1999. Most of this time he was a pretrial detainee, but during the last few days of his confinement at the jail, he was a convicted felon awaiting transfer to the custody of the Oklahoma Department of Corrections. (He is currently incarcerated in the Lawton Correctional Facility.) He filed this action pro se while still a pretrial detainee at the jail. He alleged that defendants failed to adequately fund, staff and operate the jail and that this resulted in inadequate access to a law library and legal materials; denial of his First Amendment right to newspapers and magazines; and an assortment of unconstitutional prison conditions involving, inter alia, medical care, recreational facilities, visitation policy, and possible hazardous substances in the jail. He also alleged that 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act (PLRA), is unconstitutional. Defendants filed a motion to dismiss or, in the alternative, for summary judgment. Following Koetting's response, a magistrate judge considered the parties' arguments and recommended that the complaint be dismissed for failure to state a claim. Adopting the magistrate judge's report and recommendation, the district court dismissed Koetting's complaint and assessed

him a strike pursuant to 28 U.S.C. § 1915(g). The district court also denied his request for reconsideration filed under Fed. R. Civ. P. 59(e).

We review a dismissal for failure to state a claim de novo. [1] *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). Because Koetting is proceeding pro se, the district court and this court must construe his complaint liberally. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Nonetheless,

> [t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. Not every fact must be described in specific detail, and the plaintiff whose factual allegations are close to stating a claim but are missing some important element that may not have occurred to him, should be allowed to amend his complaint. Nevertheless, conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based. This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted. Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations.

*Id.* (citations omitted).

---

[1] Defendants moved alternatively for dismissal for failure to state a claim or for summary judgment. While the district court stated that it was dismissing Koetting's complaint under Rule 12(b)(6), it appears to have considered evidence submitted by defendants--a jail inspection report--that was outside the complaint. In our analysis of the court's action under Rule 12(b)(6), we will not consider this report. *See Brown v. Zavaras*, 63 F.3d 967, 970 (10th Cir. 1995).

We agree with the district court that Koetting's complaint was too vague and conclusory to state a claim of unconstitutional prison conditions, denial of access to courts, or denial of his First Amendment rights. Conditions of confinement claims under the Eighth Amendment have an objective component--the deprivation must be sufficiently serious--and a subjective component--the officials responsible must have acted with a sufficiently culpable state of mind, which means deliberate indifference to the inmate's health and safety. *Perkins v. Kansas Dep't of Corr.*, 165 F.3d 803, 809 (10th Cir. 1999). [2] With the possible exception of his claim relating to inadequate medical care, Koetting failed to satisfy either component; that is, he failed to allege how the conditions caused him any injury, *see Swoboda v. Dubach*, 992 F.2d 286, 289 (10th Cir. 1993), and he failed to allege that defendants were aware of and disregarded an excessive risk to his health and safety, *Lopez v. LeMaster*, 172 F.3d 756, 761 (10th Cir. 1999). He contended that he was "stressed" by his jailer's failure to provide him the full amount of his heart medication, which is not a sufficiently serious injury to state a claim. *See Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993); *Clemmons v. Bohannon*, 956 F.2d 1523, 1526-27 (10th Cir.

---

[2] While Koetting's conditions-of-confinement claims as a pretrial detainee are analyzed as due process claims and those as a convicted felon are analyzed as Eighth Amendment claims, the same analysis applies to both types of claims. *See Lopez v. LeMaster*, 172 F.3d 756, 759 n.2 (10th Cir. 1999).

1992).  His First Amendment claim was also vague and conclusory, lacking any indication how he was injured.  His access-to-courts claim failed because he did not allege that the absence of legal resources hindered his efforts to pursue nonfrivolous claims; that is, he again failed to allege injury.  *Penrod v. Zavaras*, 94 F.3d 1399, 1403 (10th Cir. 1996). [3]

Koetting contends on appeal that the district court never indicated to him prior to the magistrate judge's report and recommendation that his complaint was deficient and that it should have allowed him to amend his complaint, though he does not indicate how.  In neither his response to defendants' motion, his objections to the magistrate judge's report, his motion for reconsideration, nor by separate motion did he seek leave to amend his complaint.  For a variety of reasons, he may not raise that issue now.  *See Walker v. Mather (In re Walker)*, 959 F.2d 894, 896 (10th Cir. 1992) (appellate court will not consider arguments not presented to district court); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991) (appellate court will not consider argument not included in objections to magistrate judge's recommendation); *Glenn v. First Nat'l Bank*,

---

[3]    The district court correctly noted that because Koetting has been transferred to another facility and there is no reasonable expectation he will return to the jail, his requests for declaratory and injunctive relief are moot.  *See McAlpine v. Thompson*, 187 F.3d 1213, 1216-18 (10th Cir. 1999).

868 F.2d 368, 369-71 (10th Cir. 1989) (district court not obligated to sua sponte allow plaintiff to amend complaint).

We also agree with the district court that Koetting's contention that PLRA is unconstitutional fails to state a claim. We have already upheld the constitutionality of PLRA on several grounds. *White v. Colo.*, 157 F.3d 1226, 1232-35 (10th Cir. 1998). We find the additional grounds asserted by Koetting--violation of separation of powers doctrine, invalid taking, taxation without representation, inter alia--to be without merit.

Koetting also challenges the district court's denial of his motion for reconsideration in which he contended that the district court did not adequately consider his objections to the magistrate judge's report and recommendation and that the magistrate judge did not give him notice of the standards she was employing. The district court stated that it conducted a de novo review, and we accept that statement as adequate indication the court properly considered the objections. *See Clark v. Poulton*, 963 F.2d 1361, 1368 (10th Cir. 1992). Additionally, the magistrate judge was not obligated to give Koetting notice of the standards governing her analysis of defendants' motion. By the types of relief sought, defendants' motion gave Koetting notice of the applicable standards.

We have considered Koetting's other arguments and find them equally unpersuasive. The judgment of the district court is AFFIRMED. All outstanding motions are DENIED. Koetting is reminded of his continuing obligation to make partial payments until the docketing fees are fully paid.

Entered for the Court

Carlos F. Lucero
Circuit Judge