FILED
United States Court of Appeals
Tenth Circuit

September 3, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

JESSE TRUJILLO,

        Plaintiff - Appellant,

    v.

JOE WILLIAMS, Secretary; ELMER
BUSTOS, Director New Mexico
Department of Corrections,

        Defendants - Appellees.

No. 09-2257

(D. New Mexico)

(D.C. No. 6:04-CV-00635-MV-WDS)

---

ORDER AND JUDGMENT[*]

---

Before **HARTZ**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

Plaintiff and appellant Jesse Trujillo, proceeding *pro se*, appeals the

dismissal of his Fourteenth Amendment equal protection and due process claims

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

against defendants, Elmer Bustos, the Director of the New Mexico Department of Corrections ("NMDC"), and Joe Williams, the Secretary of NMDC. For the following reasons, we affirm that dismissal.[1]

## BACKGROUND

This is the second time Mr. Trujillo's case has been before us. We glean certain basic facts relevant to this case from Mr. Trujillo's first appeal. See Trujillo v. Williams, 465 F.3d 1210 (10th Cir. 2006) ("Trujillo I").

Mr. Trujillo is a New Mexico state prisoner who was transferred by NMDC to the Wallens Ridge State Prison ("WRSP") in Virginia on April 12, 2002. Immediately upon his arrival at WRSP, a classification hearing was held,

---

[1]Initially, we must address a jurisdictional question referred to us as the merits panel for this appeal. In the September 30, 2009, Order in which the district court granted defendants' motion to dismiss Mr. Trujillo's due process and equal protection claims, the court granted Mr. Trujillo leave to file an amended complaint regarding his claim that defendants had denied him access to the courts. Mr. Trujillo filed a notice of appeal from the dismissal of his due process and equal protection claims on October 13, 2009. As of that date, Mr. Trujillo's claim of denial of access to the courts remained unresolved in the district court. In a November 30, 2009, Show Cause Order, the parties were directed to obtain a district court order containing a final judgment under Fed. R. Civ. P. 54(b), in compliance with Stockman's Water Co., LLC v. Vaca Partners, L.P., 425 F.3d 1263, 1265 (10th Cir. 2005), as to the September 30, 2009 Order, or a district court order resolving the remaining claim. In a May 21, 2010 Order and separate judgment, the district court granted a Rule 54(b) certification. In a May 28, 2010 Order, this court referred to the merits panel the question of whether we have jurisdiction over this appeal. We conclude that we do, inasmuch as under Lewis v. B.F. Goodrich Co., 850 F.2d 641, 645 (10th Cir. 1988), Mr. Trujillo's October 13, 2009, notice of appeal ripened on May 21, 2010.

following which WRSP officials placed him in segregation on the stated ground that he was a threat to the prison. The warden of WRSP denied Mr. Trujillo's initial appeal of that decision, but the regional director of the Virginia Department of Corrections ("VDOC") determined that Mr. Trujillo's subsequent grievance was well-founded and informed Mr. Trujillo that appropriate administrative action had been taken. Mr. Trujillo's classification, however, did not change.

As we stated in Trujillo I:

> On July 9, 2002, at a second classification hearing . . . [Mr. Trujillo] was placed in segregation under the explanation that he 'need[ed] a longer period of adjustment;' 'New Mexico inmate.' Mr. Trujillo appealed this decision on the grounds that he had been in segregation for over 100 days when the average stay for new arrivals in segregation was days or weeks; his appeal was denied by the warden and the regional director. As a result, Mr. Trujillo spent nearly a year in segregation.

Trujillo I, 465 F.3d at 1214.

On March 9, 2003, Mr. Trujillo wrote a letter to another regional director, claiming that he had been classified in a prejudicial and discriminatory manner and had spent a much longer time in segregation than any other prisoners. Indeed, "Mr. Trujillo explained . . . that he had been in segregation for more than 750 days. The letter was returned stating that his appeal to the director did not meet the criteria for a Level III response." Id. at 1215.

-3-

On March 26, 2003 "WRSP changed the rationale for Mr. Trujillo's segregation to 'inmate viewed as a threat to WRSP.'" Id..  Mr. Trujillo claims no explanation of this change in rationale was given.  In May 2003, he filed more grievances relating to his classification, all unsuccessful.  The WRSP warden explained:  "'Your initial classification was completed by New Mexico.  The VDOC cannot reclassify you unless given permission by New Mexico.'" Id.  In February 2004, in response to another grievance from Mr. Trujillo, the VDOC "informed Mr. Trujillo that 'New Mexico has authorized the adaptation of all policies and procedures adopted by the VDOC for those inmates housed in Virginia.  However, matters relating to classification are still handled by New Mexico.'" Id.

Mr. Trujillo filed this 42 U.S.C. § 1983 action on June 4, 2004, claiming that the conditions of his confinement violated his Fourteenth Amendment due process and equal protection rights, his constitutional right of access to the court, and his Eighth Amendment right against cruel and unusual punishment.  Pursuant to the district court's Rule 54(b) certification, only his due process and equal protection claims are at issue in this appeal.  He named as defendants various Virginia and New Mexico prison officials.  With respect to the New Mexico officials (the remaining defendants in this case), he alleged that he had been told by certain VDOC employees that there was a standing order from NMDC that no New Mexico prisoner housed at WRSP should be given employment of any kind.

-4-

He also claimed that the New Mexico authorities were responsible for his extended time spent in segregation. These allegations formed the basis for his due process and equal protection allegations against the defendants Williams and Bustos.

After granting Mr. Trujillo *in forma pauperis* status, the district court: (1) dismissed without prejudice Mr. Trujillo's claims against the Virginia defendants for lack of personal jurisdiction and improper venue; and (2) dismissed with prejudice Mr. Trujillo's claims against the New Mexico defendants for failure to state a claim on which relief may be granted. Mr. Trujillo then filed his first appeal before our court.

On appeal in Trujillo I, we: (1) "remand[ed] . . . to the district court for a determination of whether Mr. Trujillo's claims against the Virginia defendants should be transferred rather than dismissed without prejudice," id. at 1223; (2) affirmed the district court's dismissal of Mr. Trujillo's claims against the New Mexico defendants "to the extent that Mr. Trujillo seeks damages from these defendants in their official capacities", id. at 1224; (3) reversed the "dismissal of Mr. Trujillo's due process claim against the New Mexico defendants and remand[ed] to allow the district court to conduct [an] evidentiary analysis," id. at 1225; (4) reversed the district court's dismissal of Mr. Trujillo's "§ 1983 denial of access to courts claim against the New Mexico defendants," id. at 1227; (5) affirmed the district court's dismissal of Mr. Trujillo's Eighth Amendment claim

against the New Mexico defendants; and (6) reversed and remanded the district court's dismissal of his equal protection claim, with directions to permit Mr. Trujillo "an opportunity to amend his complaint to allege facts sufficient to 'overcome a presumption of government rationality.'" Id. at 1228 (quoting Brown v. Zavaras, 63 F.3d 967, 971 (10th Cir. 1995)).

On remand, the district court found that "in the interest of justice," Mr. Trujillo's claims against the Virginia defendants should be transferred to Virginia, and it granted Mr. Trujillo leave to file an amended complaint, which he did on April 4, 2007.[2] The district court then referred the remaining issues to a magistrate judge.

Mr. Trujillo's amended complaint addressed one of the issues remanded to the district court—his alleged denial of prison employment pursuant to a "standing order from the . . . NMDC that no New Mexico prisoner housed at [WRSP] should be given employment of any kind." 07/13/09 Magistrate Judge's Proposed Findings and Recommended Disposition at 3. The magistrate judge noted that "[t]he amended complaint contained no allegation that either of the named New Mexico defendants, Joe Williams or Elmer Bustos, had been

---

[2]The claims transferred to Virginia were dismissed by the district court for the Western District of Virginia, on the ground that Mr. Trujillo had previously filed a lawsuit raising the same claims against the same defendants. The Virginia court further found that the transferred claims "had been filed in New Mexico in bad faith, and to harass and inconvenience the defendants." 07/13/09 Magistrate Judge's Proposed Findings and Recommended Disposition at 2.

personally involved in denying [Mr. Trujillo] employment." Id. Additionally, the amended complaint "contained no new allegations relating to plaintiff's access to the court claim or his claim that he had been wrongfully segregated in Virginia." Id.

The New Mexico defendants filed a motion to dismiss Mr. Trujillo's complaint. That motion included several affidavits from NMDC employees. Alisha Lucero, the Classification Administrator for the Classification Bureau of NMDC, stated in her affidavit that Mr. Trujillo's "classification in the Custody of the State of Virginia is handled by personnel of the State of Virginia Department of Corrections." Lucero Aff. ¶ 5, R. Vol. 1 at 106. She further stated that she did not "find any communication or letters from the New Mexico Corrections Department to the Virginia Department of Corrections requesting that Mr. Trujillo be restricted from working or that his classification be subject to the approval of the New Mexico Corrections Department." Id. ¶ 6. Additionally, Jeff Serna, the Classification Bureau Chief for the Classification Bureau of NMDC, provided an affidavit in which he stated that "[i]t is neither the policy nor procedure within NMDC to proscribe, suggest or dictate that inmates transferred to another state are to be treated differently or at variance to agreements entered into or established between States of the United States and New Mexico or contrary to the standards established by the I.C.C." Serna Aff. ¶ 5, R. Vol. 1 at 226. The I.C.C. is the "Contract Between the State of New Mexico and the State of

Virginia for the Implementation of the Interstate Corrections Compact." That contract, in turn, provides that the receiving state (Virginia, in this case) has the responsibility "to confine inmates from a sending state" and to "have physical control over and power to exercise disciplinary authority over all inmates from sending states." R. Vol. 1 at 234, 236. Accordingly, while there appeared to be some communications from the warden at VDOC suggesting that New Mexico had authority over Mr. Trujillo's level of confinement in Virginia, and Mr. Trujillo claims VDOC employees told him New Mexico authorities controlled his employment status in Virginia, the sworn affidavits and the contract governing transfers from New Mexico to Virginia clearly stated that VDOC had control over Mr. Trujillo's confinement status and employment possibilities while at WRSP.

Because documents and materials outside the motion to dismiss were considered, the magistrate judge treated the defendants' motion to dismiss as a motion for summary judgment. With respect to Mr. Trujillo's due process and equal protection claims, the magistrate judge recommended granting the defendants' motion to dismiss/motion for summary judgment, summarizing his ruling in this way:

> In summary, defendants in this matter flatly deny any participation in plaintiff's security classification or employment at WRSP. Plaintiff acknowledges that on three other occasions where he was moved to out of state prisons there was no interference by defendants with his classification or employment opportunity, and that, to the contrary, he was required to work. The ICC clearly places the responsibility for classification and employment with the receiving state, Virginia.

Plaintiff was classified on arrival by VaDOC, and VaDOC revisited plaintiff's classification several times over the ensuing two years. None of the VaDOC classification paperwork indicates that VaDOC was deferring to NMCD on any matter. While there are several memos from the WRSP warden, not the VaDOC classification authority, stating that New Mexico had retained classification authority over plaintiff, there is no documentary evidence of that fact and there is a final memo from the warden to plaintiff acknowledging that his classification had been at all times, and would be in the future, conducted in accordance with VaDOC operating procedures, by VaDOC staff who had "final authority" to approve any security level reduction.

In the Court's opinion neither the statements by the warden, which were subsequently corrected, nor the hearsay statements regarding employment that plaintiff attributes to unnamed prison guards create a genuine issue for trial, and the Court recommends that plaintiff's equal protection claim and his claims under the Eighth and Fourteenth Amendments relating to alleged interference by the NMCD in security classification and employment be dismissed.

Magistrate's Proposed Findings and Recommended Disposition at 11.

The district court subsequently adopted the magistrate judge's findings and recommendation with respect to Mr. Trujillo's due process and equal protection claims and granted defendants' motion to dismiss.[3] This appeal followed.

### DISCUSSION

We review de novo the district court's grant of summary judgment. See Cahill v. American Family Mut. Ins. Co., 610 F.3d 1235, 1238 (10th Cir. 2010). Similarly, we review the grant of a motion to dismiss de novo. See Howard v.

---

[3]With respect to Mr. Trujillo's other claim, which is not relevant to this appeal, the district court granted Mr. Trujillo leave to amend his complaint regarding his constitutional right of access to the courts.

Wade, 534 F.3d 1227, 1242-43 (10th Cir. 2008). We affirm the district court's grant of summary judgment, for the simple reason that, as the magistrate judge's recommendation (subsequently adopted by the district court) stated, there was ample evidence that the two New Mexico defendants in this case had nothing to do with Mr. Trujillo's classification or employment status at WRSP. Mr. Trujillo's conclusory allegations do not reveal a disputed genuine issue of fact when there are affidavits directly contradicting his allegations.

## CONCLUSION

For the foregoing reasons, we AFFIRM the district court's judgment.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge