F I L E D
United States Court of Appeals
Tenth Circuit

MAY 5 1997

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

JAMES BAUHAUS,

    Plaintiff-Appellant,

    v.

STATE OF OKLAHOMA; JOHN W.
KELSON, Assistant District Attorney;
LES EASLY, Former Associate D.
Warden, OSP; SALLY HOWE SMITH,
Tulsa County Court Clerk; JESSE
HARRIS, Tulsa District Judge,

    Defendants-Appellees.

No. 96-5226
(D.C. No. 96-CV-689-E)
(N. Dist. Okla.)

ORDER AND JUDGMENT[*]

Before ANDERSON, HENRY, and BRISCOE, Circuit Judges.

After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  Therefore, the case is ordered
submitted without oral argument.

James Bauhaus, an inmate appearing pro se, appeals the dismissal of his civil
rights action brought pursuant to 42 U.S.C. § 1983.  Bauhaus alleged an assistant district

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel.  The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

attorney prevented an expert from examining blood and fingerprint evidence, a former associate warden directed the murder of someone who could have supported Bauhaus' claim of innocence, the county clerk obstructed his attempts to file a timely appeal, and a district judge committed judicial misconduct in denying mandamus relief. The district court found although Bauhaus' claims were not frivolous, they did not allege constitutional violations and lacked any arguable basis in law. The court noted Bauhaus' claims were not cognizable in a civil rights action and may be more appropriately raised in a petition for writ of habeas corpus.

Bauhaus was convicted of murder in Oklahoma in 1973 and was sentenced to life in prison. He alleges his conviction was based on the testimony of two eyewitnesses, which was procured by police misconduct, and that blood and fingerprint evidence retrieved from the crime scene could reveal the real killer if it was analyzed by modern forensic technology. Bauhaus previously sought mandamus relief in state district court and in the state court of criminal appeals, which was denied.

On appeal, Bauhaus contends the district court erred in refusing to require analysis of the blood and fingerprint evidence, denying him due process and equal protection. He further contends police misconduct during the investigation denied him due process and equal protection. Bauhaus seeks an order compelling analysis of the alleged blood and fingerprint evidence.

Reviewing Bauhaus' filings de novo, we agree with the district court that his allegations fail to state any constitutional violations and that his civil rights action was properly dismissed. See generally West v. Atkins, 487 U.S. 42, 48 (1988) (plaintiff must allege constitutional violation to state a § 1983 claim); Brown v. Zavaras, 63 F.3d 967,

972 (10th Cir. 1996) (conclusory allegations of equal protection violation insufficient to withstand dismissal under Fed. R. Civ. P. 12(b)(6)).

Bauhaus has filed several motions with this court, including a motion to order the director of the law library to replace books, to allow access to library, and to stop opening legal mail out of his presence; a motion to cease and desist; a motion for "relieving hindrance"; a motion "to force Oklahoma to run the killer's fingerprints"; and a motion to allow "first access to the killer's DNA." These motions are outside of our appellate jurisdiction and are DENIED. Bauhaus' motion for default judgment based upon appellees' failure to file a reply brief is also DENIED.

The judgment of the district court dismissing Bauhaus' civil rights action is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge