**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 30 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

RUSSELL MARSHALL BOLES,

Plaintiff - Appellant,

v.

ROY ROMER, Governor, State of
Colorado, I.M. Governor; ARISTEDES
ZAVARAS, Colorado Department of
Corrections, I.M.; PAUL OPTENER, Park
County, I.M. Sheriff; FENTON
SECURITIES, INC.; HARVEY
DOOLEY; and KERRY BINES,

Defendants - Appellees.

No. 96-1527

(D. Colorado)

(D.C. No. 96-S-2206)

---

**ORDER AND JUDGMENT***

---

Before **ANDERSON**, **HENRY**, and **BRISCOE**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of this

appeal. See Fed. R. App. P. 34 (a); 10th Cir. R. 34.1.9. This cause is therefore ordered

submitted without oral argument.

---

*This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

Russell Marshall Boles appeals the district court's order dismissing his 42 U.S.C. § 1983 action, which raised several claims concerning the conditions of his confinement. He brought the action against the Governor of Colorado and various Department of Corrections officials, including officials at the Park County Detention Center where he is an inmate. The district court dismissed his complaint without prejudice for failure to exhaust administrative remedies. In a document the district court construed as a motion for reconsideration, Mr. Boles argued that officials at Park County Detention Center "have repeatedly told inmates that Department of Corrections rules and procedures do not apply," and that the "Department of Corrections will not respond to complaints by inmates of this facility being it is privately run." R., Tab 6 at 2-3. The district court denied this motion, finding that Mr. Boles presented no new evidence or authority to support reconsideration of its decision, and stating: "Mr. Boles continues to ignore that as an inmate in the custody of the Colorado Department of Corrections he has available to him a grievance procedure. See Colorado Department of Corrections Administrative Regulation 850-4, effective May 15, 1996." R., Tab 12 at 3. On appeal, Mr. Boles restates the arguments raised before the district court in his motion for reconsideration.[1]

Under 42 U.S.C. § 1997e, as amended by the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C.

---

[1]The district court also found that Mr. Boles cured any deficiencies in his complaint, and Mr. Boles' arguments that the district court ruled otherwise are misplaced.

- 2 -

§ 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correction facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Construing Mr. Boles' pleadings liberally, as we must, <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972), he has failed to make any colorable argument that he exhausted the Colorado Department of Corrections grievance procedures cited by the district court. Moreover, he cites no authority or facts, other than his own conclusory allegations, to show that the defendants denied him access to those grievance procedures. <u>See</u> <u>Brown v. Zavaras</u>, 63 F.3d 967, 972 (10th Cir. 1995) (conclusory allegations insufficient to state a cause of action); <u>Durre v. Dempsey</u>, 869 F.2d 543, 547 (10th Cir. 1989) ("Plaintiff's conclusory allegation that his status as an indigent prisoner makes the state post-deprivation remedy inadequate failed to state a claim for relief under § 1983.").

Accordingly, the order of the district court dismissing Mr. Boles' claim without prejudice is AFFIRMED.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge

- 3 -