FILED
United States Court of Appeals
Tenth Circuit

August 27, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

NOAH REED,

     Plaintiff - Appellant,

v.

JAMES HEIMGARTNER, Warden, El
Dorado Correctional Facility; DEANE
DONLEY, RDU Administrator, El
Dorado Correctional Facility,

     Defendants - Appellees.

No. 14-3034
(D.C. No. 5:13-CV-03131-SAC)
(D. Kansas)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **HARTZ**, **McKAY**, and **MATHESON**, Circuit Judges.

_____

[*] After examining the briefs and the appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App.
P. 32.1 and 10th Cir. R. 32.1.

Noah Reed, who is incarcerated in state prison in Kansas, filed a pro se civil-rights complaint under 42 U.S.C. § 1983 in the United States District Court for the District of Kansas. When the district court conducted its preliminary screening as required by 28 U.S.C. § 1915A(a), it identified four claims: (1) that Plaintiff was unlawfully confined and had received ineffective assistance of counsel, (2) that he had received inadequate medical care; (3) that he had suffered racial discrimination; and (4) that he had been denied access to the courts. It dismissed the first claim because such issues can only be raised in habeas corpus, and the second because it was identical to claims already asserted (and dismissed) in a separate case, *Reed v. Con Med*, No. 12-3244-SAC, 2013 WL 2631638 (D. Kan. June 12, 2013). In response to an order directing him to clarify his third and fourth claims, Plaintiff filed two supplements with hundreds of pages of exhibits attached. The district court then dismissed the complaint for failure to state a claim, and Plaintiff appealed. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

We review de novo the district court's dismissal for failure to state a claim. *See Gee v. Pacheco*, 627 F.3d 1178, 1183 (10th Cir. 2010). "A pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* (ellipsis and internal quotation marks omitted). We "must assume that all factual allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal quotation marks omitted). But the compliant must provide more than "labels and conclusions," *id.* (internal quotation marks omitted), and "unadorned, the-defendant-

unlawfully-harmed-me accusation[s]," *id.* at 1184 (internal quotation marks omitted). Context is especially important when the claimant is a prisoner. *See id.* at 1185. For example, a prisoner "must include sufficient facts to indicate the plausibility that the actions of which he complains were *not* reasonably related to legitimate penological interests," although he does not have to "identify every potential legitimate interest and plead against it." *Id.* at 1188. "Generally, the sufficiency of a complaint must rest on its contents alone," but courts can additionally consider (1) "documents that the complaint incorporates by reference"; and (2) "documents referred to in the complaint if [they] are central to the plaintiff's claim and the parties do not dispute [their] authenticity." *Id.* at 1186 (internal quotation marks omitted). Because Plaintiff is acting pro se, "[his] pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (internal quotation marks omitted). We will not, however, "supply additional factual allegations to round out [his] complaint or construct a legal theory on [his] behalf." *Id.* (internal quotation marks omitted).

Plaintiff's filings are difficult to comprehend. As we read them, he alleges that he was injured in a car accident in June 2012, because of which he suffers severe chronic pain. Although his doctors outside the prison prescribed narcotic pain medication, the prison instead gave him Tramadol, which did not alleviate his pain, and denied him chiropractic care. Dissatisfied with his treatment, he filed a civil-rights complaint claiming that he was receiving inadequate medical care in violation of his Eighth

3

Amendment rights. *See Reed*, No. 12-3244-SAC, 2013 WL 2631638. But, he claims, prison officials interfered with or delayed his efforts to file an amended complaint and an appeal, which caused the case to be dismissed for failure to state a claim and prevented him from appealing the dismissal. He also complains that he was put in administrative segregation, subjected to shakedown searches and "slam cells," R, Vol. 1 at 11, and was provided with unsatisfactory food, drinking water, and sleeping conditions. He appears to claim that these things were done to him because of his race and in retaliation for filing the first lawsuit and prison grievances.

We agree with the district court that Plaintiff did not present a plausible claim that he was treated discriminatorily because of his race. His bare conclusory allegations that he is African American of Moorish descent and was mistreated because of his race are insufficient. *See Gee*, 627 F.3d at 1187 (the facts alleged must be more than "merely consistent with a defendant's liability" (internal quotation marks omitted)); *Brown v. Zavaras*, 63 F.3d 967, 972 (10th Cir. 1995) (pro se litigants "must do more than make mere conclusory statements regarding constitutional claims").

We also agree with the district court that Plaintiff's allegations regarding denial of access to the courts failed to state a claim for relief. To succeed on a denial-of-access claim, he must show that he suffered actual injury in that he was "frustrated or impeded in his efforts to pursue a nonfrivolous legal claim." *Gee*, 627 F.3d at 1191. That is something he has not done. When the district court dismissed Plaintiff's earlier lawsuit for failure to state a claim, it wrote:

4

> While the plaintiff is dissatisfied with the medical attention he received, it appears that he was provided a course of treatment to address his medical concerns. Plaintiff's complaint that Con Med officials did not provide the course of treatment recommended by other physicians outside the [jail] does not state a claim for relief, nor does the fact that he suffered pain despite the treatment offered suggest the sort of deliberate indifference prohibited by the Eighth Amendment.

*See Reed*, No. 12-3244-SAC, 2013 WL 2631638, at *2. His submissions in this lawsuit do not contain anything to suggest that the earlier lawsuit had any hope of succeeding even if he filed everything he had wanted to file.

Finally, to the extent that Plaintiff claims that his treatment was retaliatory, his allegations are inadequate. To plead a plausible retaliation claim, he would have to (1) "identify constitutionally protected activity"; (2) "describe a responsive action that would chill a person of ordinary firmness from continuing to engage in that activity"; and (3) "recite facts indicating that the action was substantially motivated as a response to his exercise of constitutionally protected conduct." *Gee*, 627 F.3d at 1189 (brackets and internal quotation marks omitted). His allegations on the third prong are insufficient because he has offered nothing to suggest that he was not in administrative segregation for the usual reasons, or that the other allegedly retaliatory actions—the shakedown searches and his less-than-satisfactory living conditions—were not ordinary, legitimate prison practices. *See id.* at 1185 ("[A] prisoner claim may not be plausible unless it alleges facts that explain why the usual justifications for the complained-of acts do not apply.").

5

We AFFIRM the dismissal of Plaintiff's claims.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge

6