Jeanne Marie DRULEY,
Plaintiff–Appellant,

v.

Robert PATTON; Don Suttmiller; Michael Addison; Buddy Honaker; James Keithley; Joel B. McCurdy, in their individual and official capacities, Defendants–Appellees.

No. 14–6114.

United States Court of Appeals,
Tenth Circuit.

Feb. 3, 2015.

Jeanne Marie Druley, Lexington, OK, pro se.

Kari Yvonne Hawkins, Wilson D. McGarry, Office of the Attorney General for the State of Oklahoma, Oklahoma City, OK, for Defendants–Appellees.

Before GORSUCH, O'BRIEN, and HOLMES, Circuit Judges.

## ORDER AND JUDGMENT *

JEROME A. HOLMES, Circuit Judge.

Jeanne Marie Druley, an Oklahoma state prisoner, filed a 42 U.S.C. § 1983 complaint against employees of the Oklahoma Department of Corrections (ODOC) asserting they had violated her constitutional rights in connection with her care as a transgendered individual. She filed a motion for a temporary restraining order (TRO) and preliminary injunction at the same time she filed her complaint. The district court denied injunctive relief, and Ms. Druley, proceeding pro se, appeals. We lack jurisdiction to review the denial of her TRO motion. We affirm the denial of her motion for a preliminary injunction.

### BACKGROUND

Prior to her incarceration in 1986, Ms. Druley was diagnosed with gender identity disorder (GID) and had two of three gender reassignment surgeries needed to change the gender of her body from male to female. Her name and birth certificate were changed to identify her as a female. In her § 1983 complaint, Ms. Druley alleges that the ODOC defendants violated the Eighth Amendment's prohibition on cruel and unusual punishment by stopping and starting her prescribed hormone medications and giving her inadequately low dosages of her hormone medication. She also alleges the ODOC defendants violated the Equal Protection Clause by housing her in an all-male facility.

Ms. Druley filed her TRO and preliminary injunction motion the same day as her complaint, seeking a court order directing the ODOC defendants to raise her hormone medication to the levels recommended by the Standards of Care established by the World Professional Association for Transgender Health (WPATH), allow her to wear ladies' undergarments, and move her to a non-air-conditioned building to alleviate asthma symptoms. The matter was referred to a magistrate judge under 28 U.S.C. § 636(b)(1)(B), who issued a Report and Recommendation (R & R) to deny injunctive relief. After considering Ms. Druley's objections, the district court adopted the R & R and denied injunctive relief.

As to the TRO, the district court ruled Ms. Druley failed to give notice of her TRO request to ODOC defendants as required by Fed.R.Civ.P. 65, or to show cause in accordance with Fed.R.Civ.P. 65(b) why this notice requirement should be excused. As to the preliminary injunction, the district court ruled Ms. Druley had not shown a substantial likelihood of

---

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R.App. P. 32.1 and 10th Cir. R. 32.1.

success of the merits of her § 1983 complaint or that she would be irreparably harmed without her requested hormone treatment. Ms. Druley filed this interlocutory appeal of that order.

## JURISDICTION

■ We must first address our appellate jurisdiction. "Ordinarily, denial of a temporary restraining order is not appealable." *Populist Party v. Herschler,* 746 F.2d 656, 661 n. 2 (10th Cir.1984); 16 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure,* § 3922.1 (3d ed. 2014) ("The general rule is that orders granting, refusing, modifying, or dissolving temporary restraining orders are not appealable under [28 U.S.C.] § 1292(a)(1) as orders respecting injunctions."). There are two exceptions: "when the order is appealable as a final order under 28 U.S.C. § 1291," and when the order has the practical effect of denying a preliminary injunction. *Populist Party,* 746 F.2d at 661 n. 2. Neither exception is applicable here: the district court's denial of the TRO is not a final appealable order under 28 U.S.C. § 1291, and the denial did not have the "practical effect of denying an injunction," the consequences of the denial are not irreparable, and immediate review is not the only effective means of challenging the order. *United States v. Colorado,* 937 F.2d 505, 507–08 (10th Cir.1991). We therefore dismiss the appeal of the denial of the TRO.

Orders granting or denying preliminary injunctions, however, are among the types of interlocutory orders that are immediately appealable under 28 U.S.C. § 1292(a)(1). We thus have jurisdiction to review the district court's denial of Ms. Druley's request for a preliminary injunction.

## DISCUSSION

We construe Ms. Druley's pro se brief liberally. *See Garza v. Davis,* 596 F.3d 1198, 1201 n. 2 (10th Cir.2010). A party seeking a preliminary injunction must establish: (1) a likelihood of success on the merits; (2) a likelihood that the party will suffer irreparable harm in the absence of a preliminary injunction; (3) that the balance of equities tips in the party's favor; and (4) that the injunction serves the public interest. *Little v. Jones,* 607 F.3d 1245, 1251 (10th Cir.2010). A preliminary injunction requiring the nonmoving party to take affirmative action, as Ms. Druley seeks, is an extraordinary remedy that is generally disfavored. *Id.* We review a district court's denial of a motion for a preliminary injunction for abuse of discretion. *Id.* at 1250.

Ms. Druley's injunctive-relief motion requests an order directing ODOC medical staff to raise her hormone level in accordance with levels recommended by the WPATH ,Standards of Care. Her complaint alleges that prison officials have started and stopped her hormone treatment numerous times over the last 27 years and currently prescribe a hormone dosage for her that is below the normal lowest dosage recommended by WPATH. Her injunctive-relief motion asserts generally that ODOC medical staff does not understand the importance of the WPATH Standards of Care, but other than stating her current hormone treatment level, neither her complaint nor her injunctive-relief motion presented any medical evidence specific to her care. Thus, she presented no evidence indicating which WPATH recommended-hormone levels are medically appropriate for her.

■ The district court concluded Ms. Druley failed to show a likelihood of success on the merits in light of a decision from this court, *Supre v. Ricketts,* 792 F.2d 958, 963 (10th Cir.1986), in which we declined to recognize a constitutional right

under the Eighth Amendment to estrogen hormone therapy for inmates with GID. In *Supre*, we held that prison officials must provide treatment to address the medical needs of transsexual prisoners, but we noted the record indicated the provision of estrogen hormone medication was medically controversial, and the evidence did not demonstrate "that failing to treat plaintiff with estrogen would constitute deliberate indifference to a serious medical need," because the prison officials "made an informed judgment as to the appropriate form of treatment and did not deliberately ignore plaintiff's medical needs." *Id.* The district court also ruled that Ms. Druley had not shown she would be irreparably harmed without the requested hormone treatment, noting that Ms. Druley conceded she had not received any hormone treatments from 1988 to 2011.

On appeal, Ms. Druley makes the conclusory assertion that she demonstrated her constitutional rights would be violated if she did not receive the hormone levels suggested by WPATH, from which she argues she has satisfied the irreparable harm, balance-of-equities, and public-interest requirements. To establish an Eighth Amendment claim, Ms. Druley must show deliberate indifference to a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 828, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). She must show that the deprivation is objectively sufficiently serious and, subjectively, that the ODOC defendants were aware of a substantial risk of serious harm. *Id.* at 837, 114 S.Ct. 1970.

The WPATH "Standards of Care 'are intended to provide *flexible directions for the treatment*' of GID," and state that 'individual professionals and organized programs may modify' the Standards' requirements in response to 'a patient's unique situation' or 'an experienced professional's evolving treatment methodology.'"

*Kosilek v. Spencer*, 774 F.3d 63, 70, n. 3, 86, 88 (1st Cir.2014), *id.* at 70 n. 3 (brackets and ellipsis omitted) (quoting World Professional Association for Transgender Health, *Standards of Care for the Health of Transsexual, Transgender, and Gender–Nonconforming People, Version 7* (2011), at 1–2) (emphasis added). Ms. Druley presented no evidence that the ODOC defendants failed to consider the WPATH's flexible guidelines, failed to make an informed judgment as to the hormone treatment level appropriate for her, or otherwise deliberately ignored her serious medical needs. Thus, Ms. Druley failed to demonstrate a substantial likelihood of success on the merits. *See Supre*, 792 F.2d at 963. Further, in the absence of any medical evidence, Ms. Druley also failed to make any showing that she would be irreparably harmed if she did not receive the levels of hormone treatment she requested.

Ms. Druley also argues ODOC violated the Equal Protection Clause by denying her request to wear feminine undergarments and her request to be moved to a different building. Unequal treatment that does not involve a fundamental right or suspect classification is justified if it bears a rational relation to legitimate penal interest. *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439–40, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985). To date, this court has not held that a transsexual plaintiff is a member of a protected suspect class for purposes of Equal Protection claims. *See Etsitty v. Utah Transit Auth.*, 502 F.3d 1215, 1227–28 (10th Cir. 2007) (denying suspect-classification equal-protection employment rights for trans-gendered employees); *Brown v. Zavaras*, 63 F.3d 967, 972 (10th Cir.1995) (affirming the dismissal of an equal protection claim alleging the denial of estrogen treatment to a transsexual prisoner). Ms. Druley did not allege any facts suggesting the ODOC

defendants' decisions concerning her clothing or housing do not bear a rational relation to a legitimate state purpose. Thus, she has not demonstrated a likelihood of success on her Equal Protection claims.

The appeal of the district court's denial of a TRO is dismissed for lack of jurisdiction. The district court's denial of her motion for preliminary injunction is affirmed. The motion for *in forma pauperis* is GRANTED.