**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 5, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

PHILLIP C. ELLIS; HEIDI B. ELLIS,

Plaintiffs - Appellants,

v.

RICHARD LEMONS, M.D.;
CHELSEA GRIFFIN; EMILY HELM,

Defendants - Appellees.

No. 16-4031
(D.C. No. 2:15-CV-00212-TS)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **GORSUCH**, **BALDOCK**, and **McHUGH**, Circuit Judges.

---

After Heidi and Phillip Ellis's son was diagnosed with leukemia by a Utah

hospital, doctors grew concerned that the Ellises would not comply with

necessary medical treatment and they contacted the Utah Division of Child and

Family Services. Eventually, the state sought and won a protective order in state

court. Before the proceeding could conclude, however, the parties agreed to its

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

dismissal after the Ellises promised to continue their son's treatment. But the deal didn't last. Soon the Ellises not only discontinued treatment, they filed this § 1983 suit in federal court against a doctor and state employees. In response and days later, Utah initiated a new proceeding in state court to remove the Ellises' son from their care.

When it came time to rule on the federal suit, the district court held that, under *Younger v. Harris*, 401 U.S. 37 (1971), it had to abstain from hearing the Ellises' request for an injunction given the presence of so closely related ongoing state court proceedings. With respect to their request for damages, the court held it barred by qualified immunity. The Ellises now ask us to reverse both these rulings.

Before reaching the merits of those rulings, though, we pause to address a jurisdictional matter. The defendants argue that the Ellises' appeal to this court was untimely. And it's true that the Ellises, acting pro se, mistakenly filed an "entry of appearance" with our court rather than a timely "notice of appeal." But the document identified the parties to the appeal, the case number, and the district judge and, under these circumstances, it served as the "functional equivalent" of a notice of appeal permissible under our precedents. *See Smith v. Barry*, 502 U.S. 244, 248-49 (1992); *cf. Johnson v. Spencer*, 25 F.3d 1057 (10th Cir. 1994) (unpublished table decision).

Even so, we don't see how we might reverse. The Ellises first challenge the district court's abstention under *Younger* on the ground that no state proceedings were ongoing at the time they filed this § 1983 action. After all, they note, they filed their federal suit after Utah dismissed one state court action and just before it started another. But be this as it may, the Supreme Court has held that *Younger* abstention remains appropriate so long as a pending state court proceeding exists before the federal district court begins its own "proceedings of substance on the merits." *Hicks v. Miranda*, 422 U.S. 332, 349 (1975). And it is beyond dispute that condition is satisfied here: Utah instituted its latest suit just days after the Ellises filed their federal suit and long before any proceedings on the merits commenced in federal court on the Ellises' claims. The Ellises cursory argument that Utah has no important state interest in their son's health is similarly unavailing. Our court has repeatedly found that states have a compelling interest in the welfare of children within their borders. *See, e.g.*, *PJ ex rel. Jensen v. Wagner*, 603 F.3d 1182, 1198 (10th Cir. 2010).

Alternatively, the Ellises ask us to overrule the district court's qualified immunity ruling on their damages claim. But beyond conclusory statements, their briefs offer us no grounds for doing so. They fail to engage with the district court's careful analysis or the legal authority it cited, and without that much we decline to reverse. *See Brown v. Zavaras*, 63 F.3d 967, 972 (10th Cir. 1995)

("[E]ven pro se litigants must do more than make mere conclusory statements regarding constitutional claims.").

The defendants' motion to seal is granted and the district court's order is affirmed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge