**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 19, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

CHAD A. COBURN,

      Plaintiff - Appellant,

v.

TIM WILKINSON, Warden, Davis
Correctional Facility, a/k/a Tim Wilkens;
MRS. CARTWRIGHT, Property Officer;
MS. MORRISON, Property Officer,

      Defendants - Appellees.

No. 16-7076
(6:15-00195-RAW-SPS)
(E.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **MURPHY**, and **PHILLIPS**, Circuit Judges.
_____

Chad A. Coburn, a state prisoner appearing pro se, appeals the dismissal of a § 1983 action. Coburn alleges that his constitutional rights were violated when prison employees deprived him of his rights to due process and equal protection. Because we conclude that Coburn has received the full extent of due process to which he was entitled, and because he has failed to allege sufficient facts to support an equal-protection claim, we affirm the district court's ruling and dismiss this appeal.

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited however, for its persuasive value consistent with Federal Rule Appellate Procedure 32.1 and 10th Circuit Rule 32.1.

## BACKGROUND

On June 17, 2014, Coburn, an inmate in the custody of the Oklahoma Department of Corrections housed at Davis Correctional Facility in Holdenville, Oklahoma, was removed from his job in the prison-facility kitchen for misbehavior. He was issued misconduct charges for "possession of contraband, failure to follow verbal orders, theft, and threatening another with harm," and was escorted to the prison facility's segregation unit. R. at 35.

Joanne Cartwright, the Davis Correctional Facility Property Supervisor, heard over her radio that Coburn was being moved to segregation. As part of her responsibilities, she asked another correctional officer to secure Coburn's belongings in his cell, numbered AS 108, until she could pack and inventory his property. Cartwright then inventoried Coburn's property by listing his belongings on the prison facility's "Personal Property Receipt" form, noted that the belongings were in cell number AS 108, and gave the form to Coburn for his review. Coburn signed the form that day and was admitted to the segregation unit. On September 29, 2014, Coburn was discharged from the segregation unit and signed the form again.

While in segregation, Coburn submitted two "Lost/Damaged/Stolen Personal Property Claim" forms, alleging that some of his property[1] had been stolen or lost. *Id.*

---

[1] Coburn alleged that an "RCA Remote" was lost or damaged and the following were stolen: "New Sangean Clear, Head Phones with Bud Koss, Head

2

at 51-56. Cartwright, acting as the Property Supervisor, investigated and denied the claims, noting that she had personally inventoried and collected Coburn's property. Warden Tim Wilkinson reviewed the claims and approved the denial. Coburn then filed a "Denied Property Claim Appeal" with Warden Wilkinson, who reviewed and then denied the appeal. *Id.* at 53.

Coburn then filed a civil rights complaint against prison officials in federal court under 42 U.S.C. § 1983, alleging a violation of his due-process rights and his rights to equal protection under the Fourteenth Amendment. At the district court, Coburn argued that prison officials had "neglected their own polic[ie]s and procedures and protocol and failed to do the[ir] JOB. [W]hich created a neglecting of offenders property interest." *Id.* at 8. Specifically, Coburn argued that prison officials had inventoried and noted the wrong cell—FC 209—when Coburn was in fact housed in AS 108. Coburn also alleged that "prison officials . . . pick [and] choose people who they want to help and not help." *Id.* at 17. In his complaint, Coburn asserted that he had sought administrative remedies and exhausted the administrative process. Coburn did not allege that the administrative process was defective.

Prison officials filed a motion to dismiss the claim under 42 U.S.C. § 1997e(a) and Federal Rules of Civil Procedure Rule 12(b)(6), arguing that Coburn had failed to state a claim upon which relief could be granted. Attacking the violation-of-due-process claim, prison officials argued that Coburn had received and signed the

---

Phone [Extension], Hot Pot, Electrical Power Bar, [three] Pair[s] of Dickies Blue 36 36, Brown Boots, Air Jordans, Gold Chain with cross." R. at 51, 55.

3

property inventory sheet, had not provided any evidence of ownership of the items claimed on the "Lost/Damaged/Stolen Property Claim," and had received the full measure of due process to which he was entitled. *Id.* at 80-82. Prison officials commented that Coburn "may be upset that his claim was denied, but he was not denied access to the process." *Id.* at 82. Regarding Coburn's claim of a denial of equal protection, prison officials argued that Coburn did not provide sufficient facts and that his allegations were "self-serving, vague, and conclusory." *Id.* at 83.

The district court agreed and granted the motion to dismiss. The district court found that the prison facility had a clear process in place to address the loss of inmate property, noting that Coburn's claims were submitted, investigated, and denied, and that the warden had reviewed and approved the denial. The court also found that the "Personal Property Receipt" form had noted the correct cell number—AS 108—and that Coburn acknowledged the form by signing it twice. *Id.* at 141-42. Further, the district court found that Coburn had received the full measure of due process to which he was entitled, noting that the "fact that his claim was denied does not equate to a denial of due process." *Id.* at 143. As for Coburn's equal-protection claim, the district court noted that a plaintiff must allege that he was treated differently because of a suspect classification, which Coburn had not done. The court concluded that Coburn had failed to allege sufficient facts and that his claim was vague and conclusory, and thus failed to state an equal protection claim. The district court dismissed Coburn's complaint for failure to state a claim and counted it as his first strike under 28 U.S.C. § 1915(g). Coburn filed a timely appeal.

4

# DISCUSSION

## I.      Standard of Review

We review de novo the district court's decision to dismiss a complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. *Perkins v. Kansas Dept. of Corrections*, 165 F.3d 803, 806 (10th Cir. 1999). We apply the same standard of review for § 1915(e)(2)(B)(ii) dismissals as we do for Federal Rule of Civil Procedure Rule 12(b)(6) motions. *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007). Despite this similarity, dismissing a pro se complaint for failure to state a claim under § 1915(e)(2)(B)(ii) is proper only where it is (1) obvious that the plaintiff cannot prevail on the facts he has alleged, and (2) it would be futile to give him an opportunity to amend. *Perkins*, 165 F.3d at 806.

As for 12(b)(6) motions, we look to the plausibility of the complaint, specifically the "allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (internal quotation marks omitted). Further, allegations in a complaint "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Because Coburn is a pro se litigant, we construe his pleadings liberally, but we do not serve as his advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

5

Turning now to Coburn's complaints, we find that he cannot prevail on the facts alleged and we are convinced an amended complaint would be futile.

## II.     14th Amendment Violation Claims

### A.     Due Process

The Fourteenth Amendment prohibits a state from depriving "any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. A state must not "deprive a person of life, liberty or property unless fair procedures are used in making that decision." *Copelin-Brown v. New Mexico State Pers. Office*, 399 F.3d 1248, 1254 (10th Cir. 2005) (quoting *Archuleta v. Colo. Dep't of Insts., Div. of Youth Servs.*, 936 F.2d 483, 490 (10th Cir. 1991)). The Supreme Court has held that "an unauthorized intentional deprivation of property . . . does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Inmate grievance procedures can be an adequate post-deprivation remedy for the alleged destruction of property. *Id.* at 536 n.15. A violation of due-process procedures exists if the post-deprivation procedure is "unresponsive or inadequate." *Freeman v. Dep't of Corrs.*, 949 F.2d 360, 362 (10th Cir. 1991).

Here, when Coburn was escorted to segregation, he was given an inventoried list of his belongings that Cartwright had assembled. Coburn argues that Cartwright

6

inventoried the wrong cell, yet the proper cell number is noted on the top of the form and Coburn signed the form twice, acknowledging receipt. When Coburn then submitted his two "Lost/Damaged/Stolen Personal Property Claim" forms, he acknowledged that he didn't have receipts or other evidence of ownership of the allegedly lost and stolen property. R. at 51, 55.

Coburn used the available inmate-grievance procedures to have his claim submitted, investigated, and reviewed by the warden. It was denied. Coburn then filed an appeal that was also denied. Coburn doesn't provide evidence that the process was unresponsive or inadequate. Thus, we find that Coburn received the full measure of due process to which he was entitled. We agree with the district court that a denial of an appeal does not amount to a denial of due process. We therefore find that Coburn's due-process claim fails.

### B.    Equal Protection

The Fourteenth Amendment also prohibits a state from denying "any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. To state a successful claim under the Equal Protection Clause, Coburn must prove "that [he was] treated differently from others who were similarly situated to [him]." *Brown v. Montoya*, 662 F.3d 1152, 1772-73 (10th Cir. 2011) (internal quotation marks omitted). Thus, Coburn must show that he was treated differently from other inmates while providing "facts sufficient to overcome a presumption of government rationality." *Brown v. Zavaras*, 63 F.3d 967, 971 (10th Cir. 1995). Furthermore, pro

se litigants "must do more than make mere conclusory statements regarding constitutional claims." *Id.* at 972.

Here, Coburn's brief lacks any valid argument supporting a violation of the Equal Protection Clause of the Fourteenth Amendment. At the district court, Coburn argued that prison officials would "pick [and] choose people who they want to help and not help." R. at 17. He also asserted that prison officials acted with "malice intent" and in "reckless ways." *Id.* Coburn does not provide any evidence beyond these conclusory statements and does not allege sufficient facts supporting these conclusions. We therefore find that Coburn has failed to state an equal-protection claim under which relief can be granted.

## III. Frivolous Appeals Under 28 U.S.C. § 1915(g)

Finally, 28 U.S.C. § 1915(g) prohibits prisoners from bringing civil actions or appeals under *ifp* status if the prisoner has, on three or more occasions, brought an action or appeal that was dismissed because it was "frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." For his claims at the district court, Coburn was assessed his first strike under § 1915(g). We now assess a second strike for this frivolous appeal. *See Jennings v. Natrona Cty. Det. Ctr. Med. Facility*, 175 F.3d 775, 780 (10th Cir. 1999) ("If we dismiss as frivolous the appeal of an action the district court dismissed under 28 U.S.C. § 1915(e)(2)(B), both dismissals count as strikes.") (overruled on other grounds by *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015)). We urge Coburn to consider more carefully when to file lawsuits and appeals, so that if more meritorious

8

circumstances ever arise for a civil suit in federal court, *ifp* status will not be automatically foreclosed for him.

## CONCLUSION

For the reasons stated, we affirm the district court's judgment granting the appellee's motion to dismiss and assess a second strike under 28 U.S.C. § 1915(g). Although the district court dismissed the action under § 1915(e)(2)(B)(ii), it granted Coburn's application to proceed *in forma pauperis*, payable in partial payments. We remind Coburn of his continuing obligation to make partial payments on his filing fee until the entire fee has been paid. *See* 28 U.S.C. § 1915(b).

Entered for the Court

Gregory A. Phillips
Circuit Judge