FILED
**United States Court of Appeals**
**Tenth Circuit**

**May 31, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

DAVID A. GOODWILL, individually,

    Plaintiff - Appellant,

and

ESTATE OF PHYLLIS A. HANSEN,

    Plaintiff,

v.

ETITLE INSURANCE AGENCY,
a Foreclosure Commissioner designated
by the Secretary of Housing and Urban
Development on October 29, 2008;
SECRETARY OF HOUSING AND
URBAN DEVELOPMENT,

    Defendants - Appellees.

No. 21-4108
(D.C. No. 2:18-CV-00948-CW)
(D. Utah)

_____

### ORDER AND JUDGMENT[*]
_____

Before **TYMKOVICH**, Chief Judge, **HOLMES** and **ROSSMAN**, Circuit Judges.
_____

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

David Goodwill, appearing pro se,[1] appeals the district court's dismissal of his claims against eTitle Insurance Agency (eTitle) and the United States Secretary of Housing and Urban Development (HUD). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## BACKGROUND

Mr. Goodwill's mother, Phyllis Hansen, owned a condominium in Murray, Utah. She obtained a reverse mortgage—a loan using the equity in the condominium as collateral. Mr. Goodwill was not a party to the reverse mortgage, and his name was not on any of the reverse mortgage documents. The terms of the reverse mortgage allowed HUD to declare default and foreclose on the property if Ms. Hansen died before repaying the loan. When Ms. Hansen died in 2016, HUD foreclosed on the property. HUD used eTitle as its designated representative to execute the foreclosure. *See* 12 U.S.C. § 3754(a) (allowing HUD to designate a foreclosure commissioner for single-family dwellings). The foreclosure proceeded to a sale at auction, where HUD purchased the property as the high bidder.

---

[1] "While we generally construe pro se pleadings liberally, the same courtesy need not be extended to licensed attorneys." *Mann v. Boatright*, 477 F.3d 1140, 1148 n.4 (10th Cir. 2007) (internal citation omitted). Mr. Goodwill was a licensed attorney at the outset of this case, but he informed the court of his suspension from the practice of law during its pendency. *See* R. vol. 3 at 12. In this case, our resolution of the issues on appeal would be the same regardless of whether we construe Mr. Goodwill's pleadings liberally.
.

Mr. Goodwill sued HUD and eTitle in Utah state court in 2018.[2]  The

complaint sought a declaratory judgment that Mr. Goodwill was the sole owner of the

condominium by devise after Ms. Hansen's death, that "[t]he foreclosure sale and

purchase by HUD was void ab initio," R. vol. 2 at 11, and that the foreclosure sale

constituted slander of title.  HUD removed the case to federal court under 28 U.S.C.

§ 1442(a).  HUD and eTitle moved to dismiss for lack of subject-matter jurisdiction

and for failure to state a claim, respectively.  A lengthy delay ensued when

Mr. Goodwill filed for bankruptcy protection and the bankruptcy trustee took no

action to substitute himself for Mr. Goodwill as the plaintiff in the action against

HUD and eTitle.  The court dismissed the case for lack of standing, but later

reopened it after the bankruptcy case concluded and Mr. Goodwill filed an amended

complaint.

The amended complaint included three counts.  Count I sought a declaratory

judgment that Mr. Goodwill was the sole owner of the condominium, Count II

alleged HUD and eTitle breached the implied duty of good faith and fair dealing in

the reverse mortgage contract, and Count III sought damages for "wrongful

foreclosure," R. vol. 1 at 168.  In connection with Count III, Mr. Goodwill alleged

that HUD had prematurely served him with a five-day notice to vacate the

---

[2] At the outset of the suit, Mr. Goodwill appeared both on his own behalf and
as counsel for Ms. Hansen's estate, which asserted the same claims.  Mr. Goodwill
later withdrew as counsel for the estate, but continued to prosecute his own claims
pro se.  The estate never hired counsel, so the court eventually dismissed its claims
without prejudice for failure to prosecute.  The estate is not a party in this appeal.

condominium, and that a HUD representative had promised him he could assume Ms. Hansen's reverse mortgage if he fully paid the outstanding property taxes and other fees associated with the condominium.

HUD and eTitle renewed their motions to dismiss. Mr. Goodwill argued the court should convert those motions into motions for summary judgment because they included exhibits. He also filed his own motion for summary judgment, arguing HUD's actions amounted to an unconstitutional deprivation of property without due process. After a hearing, the district court granted HUD and eTitle's motions to dismiss "[f]or the reasons stated in the motions to dismiss and on the record." R. vol. 3 at 55. The court denied Mr. Goodwill's motion for summary judgment. Mr. Goodwill then moved for reconsideration, which the district court also denied. This timely appeal followed.

## DISCUSSION

### 1. Claims against HUD

"We review the district court's dismissal for lack of subject[-]matter jurisdiction de novo." *U.S. West, Inc. v. Tristani*, 182 F.3d 1202, 1206 (10th Cir. 1999) (italics omitted). "The burden of establishing a federal court's subject[-]matter jurisdiction rests upon the party asserting jurisdiction." *Safe Streets All. v. Hickenlooper*, 859 F.3d 865, 878 (10th Cir. 2017) (internal quotation marks omitted).

Mr. Goodwill failed to establish the district court had jurisdiction over his claims against HUD. Because Mr. Goodwill originally filed his suit in state court, the district court acquired no greater jurisdiction than the Utah state court had

initially.  *See Lambert Run Coal Co. v. Baltimore & O.R. Co.*, 258 U.S. 377, 382 (1922) ("The jurisdiction of the federal court on removal is, in a limited sense, a derivative jurisdiction.  If the state court lacks jurisdiction of the subject-matter or of the parties, the federal court acquires none, although it might in a like suit originally brought there have had jurisdiction.").  Under the Quiet Title Act, Mr. Goodwill could only have brought his first claim for relief, which sought to vindicate his own title to the property as superior to the government's, in federal court.  *See* 28 U.S.C. § 1346(f) (granting federal district courts exclusive jurisdiction of actions to quiet title in which the United States is a party).[3]  And, under the Tucker Act, 28 U.S.C. § 1491(a)(1), the Court of Federal Claims had exclusive jurisdiction over Mr. Goodwill's second and third claims for relief, in which he sought damages for HUD's conduct in connection with the foreclosure.

Mr. Goodwill's primary arguments on appeal do not address these jurisdictional issues, so we need not reach them.  *See Bell v. Hood*, 327 U.S. 678, 682 (1946) ("[Q]uestion[s] of law and . . . issues of fact . . . must be decided after and not before the court has assumed jurisdiction over the controversy.").  Because Mr. Goodwill did not carry his burden to establish the subject-matter jurisdiction of the district court, it correctly dismissed his claims against HUD.

---

[3] Although Mr. Goodwill amended his complaint in federal court, "when a defendant timely raises the derivative jurisdiction doctrine, it erects a mandatory bar to the court's exercise of federal jurisdiction, and a plaintiff cannot circumvent that bar merely by filing an amended complaint invoking federal jurisdiction." *Ricci v. Salzman*, 976 F.3d 768, 773 (7th Cir. 2020).

### 2. Claims against eTitle

"We review de novo a district court's decision on a Rule 12(b)(6) motion for dismissal for failure to state a claim. Under this standard, we must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1282 (10th Cir. 2019) (italics, citation, and internal quotation marks omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted).

The allegations in Mr. Goodwill's amended complaint do not implicate any of eTitle's conduct. He does not allege eTitle, in its role as HUD's statutorily designated foreclosure commissioner, has any interest in the property adverse to his alleged interest, so his quiet title claim fails. And under Utah law, "to find a breach of the duty of good faith and fair dealing, there must be some type of preexisting contractual relationship." *Andreini v. Hultgren*, 860 P.2d 916, 921 (Utah 1993). Here, Mr. Goodwill's claim for breach of the implied duty of good faith and fair dealing stems from the reverse mortgage contract, but neither he nor eTitle were party to that contract. Finally, the facts Mr. Goodwill pled in connection with his claim for "wrongful foreclosure" made no mention of wrongdoing by eTitle.

6

In relation to his claims against eTitle, Mr. Goodwill's argument that the district court should have converted the motion to dismiss to a motion for summary judgment fails because "the dismissal can be justified under Rule 12(b)(6) without reference to matters outside of the plaintiff's complaint." *Brown v. Zavaras*, 63 F.3d 967, 970 (10th Cir. 1995). So even if the court should have converted eTitle's motion to one for summary judgment, its failure to do so was harmless. *See id.*

## CONCLUSION

We affirm the judgment of the district court.

Entered for the Court

Veronica S. Rossman
Circuit Judge